CORCORAN V. THE St. LOUIS, IRON MOUNTAIN AND
SOUTHERN RAILWAY COMPANY, *Appellant.*

DIVISION TWO.

1. **Railroad**: CLIMBING OVER STATIONARY CARS: NEGLIGENCE. The
act of climbing over stationary cars without knowing whether or
not they are attached to an engine is such negligence as to prevent
recovery for injuries received in the attempt, and this is true
although the cars were obstructing the street crossing in violation of
the city ordinance. (*Following Hudson v. Railroad,* 101 Mo. 13.)

2. ——— : ——— : ———. The foregoing rule is applicable to the act
of a police officer, in climbing over a car, whose duties require him
to cross the track, it not appearing that the company's servants
knew of his periless situation, and they not being required to look
for him where he had no right to be.

3. **Contributory Negligence**: MATTER OF LAW, WHEN. Whether
the plaintiff was guilty of contributory negligence is generally a
question of fact for the jury, but when no other inference than that
of his negligence can be reasonably and fairly drawn from the evi-
dence, it should be so declared as a matter of law.

*Appeal from St. Louis City Circuit Court.* — HON.
DANIEL DILLON, Judge.

REVERSED.

*Bennett Pike* for appellant.

(1) The demurrer at the close of plaintiff's evi-
dence should have been sustained because of the absence
of causal connection between the acts of negligence
charged in the petition or proved, and the injuries
alleged to have been sustained by plaintiff. *Wyatt v.
Railroad,* 6 Best & Smith, 709 ; Wharton on Negli-
gence, secs. 134, 138 and 200; *Railroad v. Fich,* 34 Am.
& Eng. R. R. Cases, 549 ; *Clark v. Railroad,* 39 Mo.

619; *Henry v. Railroad*, 76 Mo. 293; *Brown v. Railroad*, 20 Mo. App. 222; *Stillson v. Railroad*, 67 Mo. 671; *Jennings v. Railroad*, 11 S. W. Rep. 999; *Hudson v. Railroad*, 14 S. W. Rep. 15. (2) The demurrer to the plaintiff's evidence should have been sustained on account of his contributory negligence. *Stillson v. Railroad*, 67 Mo. 671; *Lewis v. Railroad*, 38 Md. 588; *Railroad v. Pinchin*, 31 Am. & Eng. R. R. Cases (S. C. Ind.) 592; *Smith v. Railroad*, 55 Iowa, 33; *O'Mara v. Railroad*, 18 Hun, 192. (3) Plaintiff's instruction was clearly erroneous, because it submitted to the jury the questions whether the obstruction of the street by the cars of defendant, the failure to have the cars manned with experienced brakemen, or the absence of the watchman at the crossing was the direct and proximate cause of the injury. *Henry v. Railroad*, 76 Mo. 293; *Jennings v. Railroad*, 11 S. W. Rep. 999, and cases cited first point, *supra*. (4) The court erred in admitting the ordinances offered, because they were immaterial and irrelevant, and had no tendency to show any negligence on the part of the defendant. Their introduction had a tendency to mislead the jury, as the violation of them by defendant showed no causal connection between the happening of the accident and the alleged injuries of plaintiff. See cases cited under first point. (5) The verdict is grossly excessive, and is manifestly the result of prejudice and bias. *Sawyer v. Railroad*, 37 Mo., and cases cited.

*A. & J. F. Lee* for respondent.

(1) The defendant's demurrer to the evidence was properly refused, because the testimony distinctly showed the alleged negligence of defendant was the cause of plaintiff's injuries; if not conclusively, the jury could reasonably have inferred it to be so from the testimony, and, where such inference can be drawn, the question of proximate cause is a question for the jury. 1 Shearman & Redfield on Negligence [Ed. 1888] p. 3, sec. 3; p. 25,

sec. 25 ; p. 67, sec. 55 ; p. 31, sec. 29 ; *Weber v. Railroad*, 100 Mo. 200 ; *Karle v. Railroad*, 55 Mo. 476 ; *Kine v. Trans. Co.*, 90 Mo. 314 ; *Railroad v. Kellogg*, 94 U. S. 475 ; *Clemens v. Railroad*, 53 Mo. 366 ; *Railroad v. Pinder*, 53 Ill. 417. ( 2 ) Defendant's demurrer to the evidence was properly refused because plaintiff was not guilty of any contributory negligence. 2 Shearman & Redfield on Negligence [ Ed. 1888 ] p. 287, sec. 479 ; *Parsons v. Railroad*, 94 Mo. 286 ; *Railroad v. Fitzpatrick*, 35 Md. 32 ; *Wilkins v. Railroad*, 101 Mo. 106 ; *Maus v. City*, 101 Mo. 613 ; *Tetherow v. Railroad*, 98 Mo. 84 ; *Bergman v. Railroad*, 88 Mo. 678 ; *Leslie v. Railroad*, 88 Mo. 50. ( 3 ) Plaintiff's instruction was correct because the question of proximate cause upon the facts of this.case was a question for the jury. Had this not been so, plaintiff's testimony being uncontradicted and establishing defendant's negligence beyond question, no harm could have been done to the defendant by reason of the instruction. ( 4 ) The ordinances were properly offered as establishing negligence *per se* on the part of the defendant, if guilty of their violation. *Karle v. Cable Co.*, 100 Mo. 200. ( 5 ) The verdict is not excessive. The amount of damages was for the jury to determine, and there is no evidence whatever of partiality, prejudice or corruption. *Oil Co. v. Malin*, 60 Tex. 651 ; *Railroad v. Young*, 19 Kan. 493 ; *Railroad v. Copeland*, 61 Ala. 376 ; *Tetherow v. Railroad*, 98 Mo. 74 ; *Griffith v. Railroad*, 90 Mo. 175 ; *Dougherty v. Railroad*, 99 Mo. 666. ( 6 ) This court will not reverse the judgment below unless substantial error has been committed. *Petty v. Railroad*, 88 Mo. 306 ; *Kennayde v. Railroad*, 54 Mo. 262.

MACFARLANE, J.—The action is for damages for personal injuries caused, as is alleged, by the negligence of defendant. Plaintiff had judgment in the circuit court of St. Louis City for $7,500, and defendant appealed.

VOL. 105—26

At the close of plaintiff's evidence, defendant asked the court to instruct the jury that, upon the pleadings and evidence in the case, the verdict should be for defendant ; this the court refused to do. The proper determination of the case depends upon the propriety of the court's ruling in refusing this instruction.

It becomes necessary, therefore, to set out, somewhat at length, the pleadings and evidence. The petition charges that on the twelfth day of October, 1886, defendant obstructed Carroll street, a public highway in the city of St. Louis, by standing across it for the period of half an hour a long train of coal cars ; that plaintiff was a police officer in said city, and his duties as such required him to go west on said street to a point beyond said obstruction, which he could not do without crossing upon said cars ; that he attempted to cross over said cars while they were standing still, but while on top of the cars defendant caused them "to be moved suddenly and violently, and without notice, signal or warning, and thereby plaintiff was violently thrown to the ground from one of said cars upon which he was standing in his efforts to cross," whereby he was severely injured.

The petition then charges that the injuries so received were caused by the negligence of defendant in failing to observe the requirements of certain ordinances of the city forbidding railroad companies to obstruct any street crossing by standing cars thereon longer than five minutes ; requiring that "when moving the bell on the engine shall be constantly sounded ;" prohibiting any freight train to be moved "without it be well manned with experienced brakemen at their post, who shall be so stationed as to see the danger signals and hear the signals from the engine ;" and requiring them to "station at each cross or intersecting improved street a watchman, who shall display at the crossing of cars in the daytime a red flag, and at night time a red light."

Defendant's answer was a general denial and a general plea of contributory negligence.

The evidence shows that defendant's yards in the city of St. Louis extend north and south adjacent to the levee on the river front; that twenty-two or twenty-three tracks extend across the yards north and south; that Carroll street is a public macadamized street running east and west across this yard to the river on the east; that no other public street crosses the yard within three blocks north or south of Carroll; that on the night of October 12, 1886, about ten o'clock plaintiff and a companion, both of whom were police officers of the city of St. Louis, in the proper discharge of their duties were required to go from the river east of, to a part of the city west of, defendant's yards. The most direct and practical route was over Carroll street. When they came to the east side of the yards, they discovered that the street was obstructed by some box cars. They waited there from fifteen minutes to half an hour, and the cars were not moved. They then went west on the street until they came to these cars and walked to the north around them, they then found that a long line of flat coal cars coupled together into a train also stood across Carroll street.

The end of this train could not be seen north or south of the street. The yard at the time was full of cars, and two or three engines were at work switching cars on the tracks. No engine was seen attached to the train of coal cars, nor had they been moved for half an hour. There was an electric light on this street crossing giving a good light. On the west side of these coal cars a platform or running board about eighteen inches wide extends across the ends. Without stopping, when coming to this obstruction, plaintiff's companion got upon this running board and by it passed over the car, and got down on the opposite side safely. Plaintiff in order to cross got upon the running board, walked over it to the opposite side of the car, and, while in the act

of jumping to the ground, "the slack of the train came back from the south end and came together and the end of the car bounded (as plaintiff testified), and he was thrown to the ground and his shoulder dislocated. No flagman was stationed at this crossing, no brakemen were seen on the coal cars, and no bell on an engine was heard to ring before this car was moved.

Plaintiff had been on the police force in the city since 1872, and in this particular locality eight or nine months, and was accustomed daily to pass over defendant's yards by day and night. North of Carroll street was a large lumber yard fenced in and south a coal yard, where engines were constantly at work. There were more cars and obstructions there than at Carroll street. It was dangerous to walk between trains or tracks on account of moving cars and trains.

Plaintiff put in evidence the ordinances of the city, which are the same as those referred to in the answer. Defendant offered no evidence and asked no instruction other than the demurrer to the evidence. The statement of facts is substantially as given in plaintiff's testimony.

It has been held by a majority of this court in a recent case (*Hudson v. Railroad*, 101 Mo. 31), very similar in all particulars to this, "that the act of climbing over stationary cars, without looking to see whether they were attached to an engine or not," was such contributory negligence as to preclude a recovery for injuries received while making such attempt. A number of text-books and reported cases are cited in support of the decision. The following authorities also sustain the view taken in that case: *Copeland v. Railroad*, 61 Ala. 376; *O'Mara v. Railroad*, 18 Hun, 193. None have been found asserting the contrary.

It is argued that the rule adopted in the *Hudson case* should not be held to apply to the case at bar, for the reason that plaintiff was a police officer of the city, and the proper discharge of his official duties made

the necessity of his crossing the track imperative. We can see no force in this contention. Indeed, we think his duty to observe care was increased rather than lessened by the fact of his official duties and the information and knowledge he necessarily obtained in their performance. His duties for eight or nine months preceding his injuries had required him to be daily in and about defendant's yards. His testimony shows that he was fully aware of the dangers from moving trains and switching cars. He knew the obstruction of the track was in violation of the ordinances of the city, and that it was defendant's duty to move the cars, and that he might expect them to be moved at any moment. Moreover, he knew that defendant was disregarding and violating the laws of the city, which it was his duty, as a police officer, to prevent. He could not insist, as an excuse for his negligence, that imperative duty required him to go elsewhere, when the law was being openly violated before his eyes. Plaintiff did not know whether an engine was attached to these cars or not, but he did know that one ought to have been attached to them for the purpose of taking them off the crossing; he did know that two or three engines were at work on the yards, moving trains, and switching cars, and that these cars were liable to be struck or moved at any moment. Knowing these facts it was gross negligence to go upon the cars, when and in the manner he did, and he thereby took upon himself the risk of being injured.

It was not pretended that any of the employes of defendant knew the perilous situation in which plaintiff had placed himself, and they were not bound to look for him where he had no right to be. *Rine v. Railroad*, 88 Mo. 392; *Barker v. Railroad*, 98 Mo. 50; *Hudson v. Railroad*, 101 Mo. 31.

The facts in this case are undisputed. No reasonable person can hesitate to pronounce the act of plaintiff, in going upon the car in question, one of gross negligence. He, himself, recognized the danger he would

incur, which is shown in the fact that he waited for fifteen minutes to half an hour for the obstruction to be removed, and looked up and down the train for an opening which would allow him to pass over in safety, before he would venture into the perilous situation.

It is well settled that, notwithstanding the negligence of defendant, if plaintiff was also negligent, which defendant did not know, or was not required to know, at the time, and the negligence of both concurred and co-operated in producing the damage, then the proximate cause of the injury will be attributed to the plaintiff, and there can be no recovery. *Hudson v. Railroad*, 101 Mo. 31; *Murray v. Railroad*, 101 Mo. 237; *Stillson v. Railroad*, 67 Mo. 671; *Kellny v. Railroad*, 101 Mo. 67; *Weber v. Railroad*, 100 Mo. 194.

Whether, in any particular case, the plaintiff was guilty of contributory negligence, is generally a question of fact for the determination of a jury; but, when no other inference than that of negligence can be fairly and reasonably drawn from the evidence, as in this case, it should be declared as a matter of law.

The demurrer to the evidence should have been sustained. Judgment reversed. All concur.