BURGER v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

### Division Two, November 15, 1892.

1. **Negligence:** RAILROAD: PROXIMATE CAUSE. Where a petition in an action against a railroad for personal injuries charges that defendant negligently and in violation of the city ordinance stopped a freight train across a public street, and that, while plaintiff was attempting to cross the street between the cars, defendant without warning backed the train causing plaintiff's injuries, such two alleged causes of action are not separable in the sense that one only would be the proximate cause of the injury.

2. ———: CAUSAL CONNECTION: INTERVENTION OF INDEPENDENT AGENCY. The rule that the causal connection between the negligent act and the injury may be broken by the interposition of a responsible human agency will not be applied to relieve one of liability for a negligent act by interposing another also committed by himself.

3. **Railroad:** PUBLIC STREET: MOVING CARS: SIGNALS. While Revised Statutes, 1889, section 2608, requiring a railroad approaching a public road or street to give the statutory signals, are intended to give warning only to persons crossing or attempting to cross the railroad over a public highway, yet it does not follow that no other signals than the statutory ones are ever required.

4. ———: ———: ———: ———. Where a freight train is stopped across a public street and is permitted to stand there longer than the city ordinance allows, and people have congregated there to pass, and are passing between the cars of the train, it becomes a question for the jury whether or not the company's servants may move the train without giving timely warning of their intention to do so.

Burger v. The Mo. Pac. Ry. Co.

5. Negligence: QUESTION FOR JURY. Where the petition charging negligence is sufficient, and the evidence tends to prove its averments, a case is made for the jury.

6. ———: CHILD, CARE REQUIRED OF. A child is not guilty of negligence if he exercises that degree of care which under like circumstances would reasonably be expected from one of his years and intelligence.

7. ———: ———: QUESTION FOR JURY Whether he used such care in a particular case is a question for the jury.

8. ———: CITY CHARTER: PUBLIC STREETS: ORDINANCES. Where a city charter confers upon it the right and control over its public streets and on the counsel the power to pass any ordinance "usual or necessary for the well-being of the inhabitants," such city has the right to limit the time railroad trains may block a street to ten minutes.

9. Railroad: PASSING BETWEEN CARS: EVIDENCE. Evidence that plaintiff, who was injured while passing between cars unlawfully blocking a street, saw others cross before him is admissible on the issue of defendant's negligence in starting the train without warning.

*Appeal from Moniteau Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*H. S. Priest* and *W. S. Shirk* for appellant.

(1) The defendant's objection to the introduction of evidence should have been sustained. The petition does not state a cause of action. Two grounds of action are alleged: *First.* Violation of the city ordinance by obstructing the crossing over ten minutes. *Second.* Moving the train without sounding the whistle, ringing the bell or giving other signal. *a.* There is no causal connection between the first act of negligence alleged, viz., obstructing the crossing and the injury. *Stillson v. Railroad,* 67 Mo. 671; *Brown v. Railroad,* 20 Mo. App. 222; *Hudson v. Railroad,* 101 Mo. 13; *McMahon v. Railroad,* 39 Md. 438; Wharton on Negligence, secs. 134, 138, 200; *Wyatt v. Railroad,* 6 Best & Smith, 709;

*Railroad v. Frick*, 44 Am. & Eng. R. R. Cases, 549;
*Armil v. Railroad*, 28 Am. & Eng. R. R. Cases, 467. *b.*
It was not the duty of the defendant to ring the bell,
sound the whistle or give other warning of the move-
ment of the train, under the circumstances alleged in
plaintiff's petition. *Dahlstrom v. Railroad*, 96 Mo. 99;
*Stillson v. Railroad*, 67 Mo. 671. Besides, he was a
trespasser on defendant's cars, and defendant owed
him no duty, except not to injure him, if it could avoid
it, after discovering the perilous situation. *Dahlstrom
v. Railroad, supra; Railroad v. Plaskett*, 26 Pac. Rep.
401. (2) The demurrer to plaintiff's evidence, and to
the whole evidence, should have been given, because:
*First.* The evidence showed no better cause of action
than that alleged in the petition, and that was insuffi-
cient for the reasons stated in point 1. *Second.* Because
the evidence conclusively established that the plaintiff
was injured by reason of his own contributory negli-
gence. *Corcoran v. Railroad*, 16 S. W. Rep. 411;
*Hudson v. Railroad*, 101 Mo. 113; Thompson on Negli-
gence, 469; Beach on Contributory Negligence, sec. 72;
Rorer on Railroads, 1055; *Lewis v. Railroad*, 38 Md.
588; *Railroad v. Pinchin*, 31 Am. & Eng. R. R. Cases,
592. (3) And the fact that the plaintiff was a boy
nearly ten years of age does not alter the rule, under
the facts in this case. *Dlauhi v. Railroad*, 16 S. W.
Rep. 281. (4) The plaintiff's first instruction was
wrong, because: *First.* It makes the obstruction of
the street the proximate cause and a responsible element
of the plaintiff's injuries. *Second.* It assumes, in the
absence of any evidence that defendant's servants knew
of plaintiff's perilous condition, that it was defendant's
duty to notify plaintiff before moving the train. (5)
It was error to permit the ordinance to be read in evi-
dence. There is nothing in the charter of the town of
California authorizing the city council to pass such an

ordinance. Session Acts, 1872, p. 317. And it is evident from the face of the petition that the violation of said ordinance was not the proximate cause of the injury complained of. (6) And it was error, under the circumstances of this case, to permit evidence to be introduced that no warning or signal of moving the train was given the plaintiff. *Dahlstrom v. Railroad,* 96 Mo. 99; *Stillson v. Railroad,* 67 Mo. 671. (7) And it was also gross error to admit evidence that plaintiff saw others pass between the cars before he did. Defendant cannot be made liable because plaintiff followed the dangerous example of others. (8) The demurrer to the evidence should have been sustained, for the further reason that the evidence does not show that the plaintiff waited at the crossing for the train to move for ten minutes or more. It is not sufficient that the crossing should have been blocked ten minutes, and others prevented from crossing for that length of time, but it must appear that plaintiff was kept at the crossing by the obstruction for ten minutes or more, before attempting to cross between the cars. In other words no one has a right to complain of the crossing being blocked unless he has been detained by it a time beyond the limit in the ordinance. *Barkley v. Railroad,* 96 Mo. 367. (9) There is no evidence whatever to show that if the bell had been rung or whistle sounded before the train backed, the plaintiff would not have been injured. *Crystal v. Railroad,* 26 N. E. Rep. 1103.

*Moore & Williams* and *Draffen & Williams* for respondent.

(1) The objection to the introduction of any evidence was rightly overruled. The petition states a cause of action. *Railroad v. Layer,* 3 Cent. Rep. 381;

*Ranch v. Lloyd*, 31 Pa. St. 358; *Railroad v. Kelley*, 31 Pa. St. 372; *Murray v. Railroad*, 70 Am. Rep. 219; *Railroad, v. Horst*, 1 Cent. Rep. 95; *Railroad v. Fitzpatrick*, 35 Md. 32; *McMahan v. Railroad*, 39 Md. 438; *Nagel v. Railroad*, 75 Mo. 653; *Railroad v. McWhister*, 14 S. W. Rep. 26; Whitaker's Smith on Negligence, p. 110; *Salisbury v. Herchenroder*, 106 Mass. 458; *Railroad v. Reamy*, 42 Md. 117. (2) The injury in this case was to a child. The authorities cited by the appellant are inapplicable. Greater care must be exercised in reference to children than to adults; and proof of a less degree of negligence will be necessary in order to charge a railroad company for injuries to infants than in case of an adult. Thompson on Negligence, sec. 6, p. 452; *Isabel v. Railroad*, 60 Mo. 475; *Railroad v. Gladman*, 15 Wall. 401; *Railroad v. Stout*, 17 Wall. 657. (3) The demurrer to the evidence was rightly overruled. If the boy used that care which may be reasonably expected from boys of his age and capacity, then he was not guilty of contributory negligence, and whether he did or did not use that care is a question for the jury. *Williams v. Railroad*, 96 Mo. 275; *Eswin v. Railroad*, 96 Mo. 290; *O'Flaherty v. Railroad*, 45 Mo. 70; *Koons v. Railroad*, 65 Mo. 592; *Thurber v. Harlem Bridge*, 60 N. Y. 326; *Duffy v. Railroad*, 19 Mo. App. 380. (4) The city of California had authority to adopt the ordinance read in evidence. The general police power given to a city includes the right to prevent the obstruction of the streets of said city. Ten minutes was not an unreasonably short time, considering the constant crossing of footmen and vehicles over the streets in question. *Railroad v. Young*, 51 Ga. 377; 2 Dillon on Municipal Corporations [3 Ed.] sec. 713. (5) The violation of said ordinance by the defendant was negligence *per se*, and rendered it liable for all the consequences flowing

therefrom. *Eswin v. Railroad*, 96 Mo. 290; *Keim v. Railroad*, 90 Mo. 314; *Meek v. Railroad*, 38 Ohio St. 632. (6) It was competent to show that others had passed between the cars before plaintiff attempted to do so. *Railroad v. Layer*, 3 Cent. Rep. 381; *Thurber v. Harlem Bridge*, 60 N. Y. 326; *Brown v. Railroad*, 50 Mo. 461. It was competent for plaintiff to prove that the cars were suddenly started without notice or warning. *Barkley v. Railroad*, 96 Mo. 367; *Brown v. Railroad*, 50 Mo. 461. (7) The jury having under proper instructions found that the plaintiff, as a child, was not guilty of contributory negligence, that question is eliminated from the case as a proximate cause of the injury, and the negligence of defendant remains as the primary and responsible cause. Defendant must answer for the consequences of such negligence. 4 American & English Encyclopedia of Law, pp. 42–47; *Adams v. Railroad*, 100 Mo. 555; *Whalen v. Railroad*, 41 Am. & Eng. R. R. Cases, 558; *Railroad v. Young*, 81 Ga. 397; *Haniman v. Railroad*, 12 N. E. Rep. 451; *Powers v. Harlow*, 53 Mich. 508; *Saare v. Railroad*, 20 Mo. App. 215; *O'Mara v. Railroad*, 38 N. Y. 445; *Cooper v. Railroad*, 10 West. Rep. 184; *Collins v. Railroad*, 142 Mass.; 2 Rorer on Railroads, 1018.

MACFARLANE, J.—Plaintiff who is an infant prosecutes this suit by his next friend to recover damages from defendant for personal injuries resulting from the alleged negligence of its employes.

He obtained judgment in the circuit court and defendant appealed.

After the formal allegations the petition charged in substance that on the third day of May, 1889, defendant negligently and carelessly obstructed the crossing of one of the public streets of the town of California, known as Oak street, by standing one of its

trains across it more than ten minutes, in violation of an ordinance of said town; that plaintiff was a boy between nine and ten years of age and lived with his father on the south side of the railroad; that over this street was his usual way to the public school, which he was attending and which was situate on the north side of the railway; that, when plaintiff on his way to school on said day reached said crossing, he found a train standing across it; after waiting for some time for it to be moved or uncoupled, on seeing grown persons pass between the cars he attempted to go through also; that being so young he did not, under the circumstances, anticipate any danger; that, when he had gotten partly over, the defendant's servants carelessly and negligently caused said train to back up, without ringing the bell or sounding the whistle, or giving any signal of starting, by reason whereof he had no notice of the intended moving of said train; that it was defendant's duty, under the laws of this state, to give such signal before starting the train; that, by reason of such carelessness and negligence, plaintiff's right foot was caught between the drawheads of said cars and crushed, and had to be amputated.

The sufficiency of this petition to declare a cause of action was questioned, on the trial, by objection to any testimony thereunder, and again, after verdict, by motion in arrest of judgment. These objections were overruled, and the action of the court in doing so is assigned as error in this court.

I.   It is first objected that the petition shows no causal connection between the act of obstructing the crossing and the injury to plaintiff; that the moving of the train was the proximate cause of the injury, and no negligence in doing that is stated.

We do not understand that the maxim, "*Causa proxima, non remota, spectatur*," applies in case both neg-

ligent acts, conducing to produce the injury, were committed by the person from whom redress is sought. The rule, that the causal connection between the negligent act and the damage may be broken by the interposition of an independent responsible human agency, cannot be applied to relieve one of liability for one negligent act by interposing another, also committed by himself.

Besides we do not think the two negligent acts charged in this petition are independent of each other. They both unite in constituting one act of negligence— the negligent management of the train, and both concur in producing the damage.

The idea is aptly expressed by WOODWARD, J., in an opinion in a case in which a child undertook to pass under a train standing across a street, and was injured by the negligent starting of the cars before he had passed through. He says: "Now adjust the acts of stopping and starting ever so nicely to the maxim *causa proxima*, and not a step of advance is taken by the defense, for the company is equally liable for both causes. If you say it was the starting and not the stopping of the cars that did the mischief, the question of plaintiff's negligence in suffering his son to be under them is still in the case, but you have made no progress in the defense, because, if there was wrong in the start, the company are as responsible for it as for any wrong in the stop. The nature of the case, however, does not admit of this nice distinction. The conduct of that train of cars was one thing—intrusted as a special duty to one man, and, if his mismanagement injured the plaintiff, without fault on the plaintiff's part, the company are liable for it. To split such a single, simple, individual cause into two causes, and to christen them *proxima* and *remota*, is to embarrass ourselves unnecessarily, and to obstruct the course of

justice." *Railroad v. Kelly,* 31 Pa. St. 377; *Nagel v. Railroad,* 75 Mo. 653; *Hayes v. Railroad,* 111 U. S. 228; *Railroad v. Reaney,* 42 Md. 117.

The negligent and unlawful obstruction of the street continued until the negligent starting of the cars commenced, and the two alleged causes of the injury were not separable in the sense that one only would be the proximate cause of the damage.

II.    It is next insisted, as an objection fatal to the sufficiency of the petition, that it was not the duty of defendant, under the circumstances alleged in the petition, to give warning of the starting of the train.

It is argued, we think correctly, by counsel for defendant, that the duty of giving the statutory signals of ringing the bell or sounding the whistle, has no application to one, situated as plaintiff was, in the middle of the train and between two cars, but was intended to give warning of the approach of a train to persons who might be crossing, or intending to cross, the railroad over a public highway. Indeed, the language of the statute admits of no other construction. Revised Statutes, 1889, sec. 2608; *Stillson v. Railroad,* 67 Mo. 677; *Dahlstrom v. Railroad,* 96 Mo. 101.

We do not think it follows, from the fact that the statute only enjoins these crossing signals, that no others are required under any circumstances. Our courts have declared, over and over again, that the greatest diligence, watchfulness and care should be observed by those running and operating trains in towns and cities, especially on and over streets and other public places therein. These duties they owe to every one who has the right to use such public places in common with them.

According to the allegations of the petition, defendant had wrongfully and unlawfully taken the exclusive

occupancy of one of the most commonly traveled streets of the town, and that too at an hour when much used by children on their way to school. Persons, plaintiff among them, had been interrupted in their lawful use of the street, some of whom were passing through between the cars. Under these circumstances it is charged that defendant negligently started its train without warning.

We think the petition states a cause of action. If persons had congregated on the streets about the train, waiting an opportunity to pass, and others were climbing over couplings between the cars, it was surely a question whether it was not the duty of those in charge of the train to give timely warning of their intention to move it, in order that persons in places of danger might protect themselves from injury. *Barkley v. Railroad*, 96 Mo. 378; *Railroad v. Layer*, 3 Cent. Rep. 381.

III.   Defendant moved for a nonsuit at the close of all the evidence upon two grounds, *first*, that the evidence did not show negligence on the part of defendant, and, *second*, that the evidence did show such contributory negligence on the part of plaintiff as should prevent his recovery. This motion was denied, and the ruling of the court in doing so is assigned as error.

The facts, as disclosed by the evidence, and about which there is no real controversy, were in substance as follows:   On the third day of May, 1889, plaintiff was nine years and ten months old, and was a bright, intelligent and active boy. He lived with his parents a few blocks south and east of the railroad. The railroad runs through the town east and west, and Oak street, which was one of the principal streets of the town, ran north and south across the railroad. There were two sidetracks and one main track across Oak street. The schoolhouse was on the north side of the

railroad, and over Oak street was the usual route from the house of plaintiff to school. On said day plaintiff, accompanied by his sister, thirteen years of age, started to school and traveled down Oak street, as usual, to the railroad, where they found a train of freight cars standing on one of the sidetracks across the street. After waiting there some fifteen minutes, and hearing, as he testified, the schoolbell ringing, plaintiff put his hands upon the cars and his foot between the drawheads, and, just as he went to go over, the train came back together and caught his foot between the drawheads, he stooped down and pulled out the coupling pin, and the rest of the train started up. Amputation of the foot was necessary.

Plaintiff testified that a man crossed before him. He admitted that he had been told by his parents that it was dangerous to attempt to cross over trains, and warned not to do so; he knew about signals of whistling and ringing bells on engines, and that there was a street three hundred feet west of this crossing on which he could have crossed the track, and by which he could have gone to school. The evidence tended to prove that when the train moved back no signal was given. None of the men in charge of the train knew that plaintiff was at the time attempting to cross over it, or that he was about it or in anywise in danger.

The court admitted over defendant's objection the charter of the town and an ordinance prohibiting the obstruction of streets by trains for more than ten minutes at any one time.

It will be seen that the evidence tends to prove the allegations of the petition which charge negligence of defendant. The petition being sufficient, as has been seen, and the evidence tending to prove its charges, a case was made for the determination of the jury as to the negligence of defendant.

It is insisted that the act of plaintiff, having the intelligence, experience, knowledge and general capacity he was shown by the evidence to possess, in placing himself on the coupling between two cars in a train, to which an engine was attached, was such contributory negligence as precluded a recovery.

It must be conceded that for a boy of his age plaintiff was shown to possess unusual capacity. He was bright, intelligent and active, had some knowledge of the movement of trains and the use of train signals, and admitted that he knew it was dangerous to undertake to pass through between cars in a train, and had been warned by his parents not to attempt to do so. It also appeared that another convenient and unobstructed route to school was open to him. It may also be conceded that the act of plaintiff, when measured by the standard applied to an adult person of ordinary prudence, was a negligent act. *Hudson v. Railroad*, 101 Mo. 13; *Corcoran v. Railroad*, 105 Mo. 399.

It was said in *Spillane v. Railroad*, 111 Mo. 555, that "no arbitrary rule can be established, fixing the age at which a child, without legal capacity for other purposes, may be declared wholly capable or incapable of understanding and avoiding dangers to be encountered upon railway tracks. It is a question of capacity in each case." Common experience and observation teach us that due care on the part of an infant does not require the judgment and thoughtfulness that would be expected of an adult person under the same circumstances. In the conduct of a boy, we expect to find impulsiveness, indiscretion and disregard of danger, and his capacity is measured accordingly. A boy may have all the knowledge of an adult respecting the dangers which will attend a particular act, but at the same time he may not have the prudence, thought-

fulness and discretion to avoid them, which are possessed by the ordinarily prudent adult person. Hence, the rule is believed to be recognized in all the courts of the country, that a child is not negligent if he exercises that degree of care which, under like circumstances, would reasonably be expected of one of his years and capacity. Whether he used such care in a particular case, is a question for the jury. Beach on Contributory Negligence, sec. 117; *Eswin v. Railroad,* 96 Mo. 290; *O'Flaherty v. Railroad,* 45 Mo. 70; *Plumley v. Birge,* 124 Mass. 57; *Meibus v. Dodge,* 38 Wis. 300; *Railroad v. Young,* 81 Ga. 397.

IV.   Defendant insists that the ordinances of the city, limiting the time streets might be obstructed by trains to ten minutes, was not authorized by any provision of the charter.

We think ample authority was granted this city under its charter to authorize the council to pass the ordinance in question. The charter gave the city the right and control over the public streets and the council power to pass any ordinance "usual or necessary for the well-being of the inhabitants."

The general grant of power to municipal corporations to pass ordinances or by-laws for the general welfare, gives authority to pass by-laws, "reasonable in their character, upon all other matters [not authorized by special grant] within the scope of their municipal authority, and not repugnant to the constitution and general laws of the state." 1 Dillon on Municipal Corporations, secs. 315, 316.

V.   During the trial the court permitted witnesses to testify that while plaintiff was waiting for the train to be moved he saw men pass over between the cars. We do not think there was error in this. The evidence bore upon the question of the negligence of defendant in starting the train without signal. If persons were

climbing over the train, and were in places of danger about it, due care would have required notice that it would move.    The evidence tends to show the situation of persons about the train and was admissible.    The same character of evidence was admitted without objection in the cases of *Gurley v. Railroad,* 104 Mo. 215; *Brown v. Railroad,* 50 Mo. 461; *Stillson v. Railroad,* 67 Mo. 672; *Railroad v. Layer,* 3 Cent. Rep. 381; and *Thurber v. Railroad,* 60 N. Y. 326.

We think the instructions given by the court in harmony with the legal principles herein announced and that no error was committed.

The judgment is accordingly affirmed.    All concur.