JOHN E. DAVIES, Respondent, v. THE PEOPLE'S RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, December 8, 1896.

1. **Negligence:** EVIDENCE. In an action against a street railway company for personal injuries received by plaintiff, through the negligence of defendant's servants, while unloading material from a wagon, where it appeared from plaintiff's evidence that the wagon was a sufficient distance from defendant's track to allow cars to pass, but plaintiff's work compelled him to stand at the rear end of the wagon, with his back to the south, and his body over the track, and that, while in this position, holding up the end of a heavy iron beam, he was struck and seriously injured by a car on defendant's track going north, without any warning of its approach from defendant's servants,—Held: As plaintiff occupied an obviously dangerous position, it was not unreasonable for him to count on due care and attention on the part of defendant's servants to avoid doing him an injury.

2. ————: DILIGENCE. What is negligence and what is diligence must be determined by the facts and circumstances of each particular case.

3. ————: CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS. An instruction to the jury, in such action, that even though they might believe plaintiff negligently and carelessly exposed himself to danger, yet, if the persons in charge of defendant's car saw, or could have seen, by the exercise of ordinary attention, his danger, in time to have avoided the accident by the use of ordinary means of precaution, and failed to do so, they should find for the plaintiff, was warranted by plaintiff's evidence.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

CERTIFIED TO SUPREME COURT FOR FINAL DETERMINATION.

No briefs filed.

BIGGS, J.—The defendant owns and operates a double track cable street railway on Fourth street in

the city of St. Louis. The plaintiff, at the times hereinafter referred to, was employed about the work on a building which was being erected on the west side of Fourth street just north of Valentine street. Under permission from the city authorities the contractors had deposited on the street in front of the building large quantities of building materials, leaving just enough space between the east track of defendant's road and the materials for the unloading of wagons. This had been the condition of the street for several months prior to the third day of April, 1895. On that day the plaintiff was engaged (at the point indicated) in unloading from a wagon a lot of heavy iron beams, and while doing so he was struck by a car on defendant's road receiving serious personal injuries, for which he sues in this action.

The averment of negligence in the petition is that "he (plaintiff) was struck by said car wholly and entirely through the fault, carelessness, and gross negligence of the agents, servants, and employees of defendant who were operating the same, who failed to check the speed of said car or to ring the bell, or to in any manner warn plaintiff of the approach of said car, although he was standing with his back to it, and in plain view of the persons engaged in its operation."

The answer contained a general denial and also a plea of contributory negligence.

The plaintiff's evidence tended to prove these facts in addition to those already stated. The plaintiff's duty was to superintend and assist in removing materials from the wagons. At the time he received the injuries he was assisting in unloading some heavy iron beams from a wagon. The wagon was east of the railroad track a sufficient distance to allow cars to pass, its rear end being to the south. The cars on the east track ran north. The iron beams were being removed

from the wagon by means of ropes, which were attached to a derrick. In adjusting the ropes the plaintiff by use of a lever prized up the ends of the beams at the rear end of the wagon, and in order to do this he was compelled to stand in the rear and slightly to the west of the west hind wheel of the wagon, thus exposing himself to the danger of being struck by a passing car. At the time of the accident the plaintiff was standing with his back to the approaching car, and was prying up the end of a beam while his assistants were fastening the hoisting apparatus around it. He did not see or hear the car, and the parties in charge of it failed to check its speed or to ring a bell, or give any warning whatever of its approach. For some distance south of the point where the plaintiff was at work, there was a full and unobstructed view of defendant's track. The plaintiff admitted on cross-examination that there was barely enough space between the track and the wagon to allow a man to stand sidewise along the side of the wagon and escape injury from a passing car, and that while he was unloading this particular wagon two other cars had passed, and being warned of their approach, he merely had to step aside or turn half way around to escape injury. He also admitted that he had been employed for some time at the work; that cars were continually passing, and that he was aware of the danger. He also admitted that the position assumed by him was the most dangerous one, but he asserted that the work could not have been done in any other way.

The defendant's evidence was to the effect that in approaching the place of the accident the bell on the car was rung and the speed of the car slackened; that when the motorman first saw the plaintiff he was standing behind the wagon somewhere near its center; that he was then in no apparent danger, and that when

the car was a few feet from him he suddenly stepped in front of it; that when he did so the gripman applied the brakes, and did everything he could to stop the car, and avoid the accident.

At the close of plaintiff's evidence, and also at the close of all the evidence, the defendant asked an instruction of nonsuit, which was refused. This constitutes the first assignment of error.

It is claimed that the instruction of nonsuit, ought to have been given for the reasons: *First*, that there was no substantial evidence of the alleged negligence, and, *secondly*, that the evidence showed conclusively that the plaintiff failed to exercise reasonable and proper care for his own safety.

The first contention is clearly without merit. The plaintiff's evidence tended to prove that in the performance of his work he had to take a position so near to the track of the defendant road, that his body extended over the track, and that in approaching the place where the plaintiff was at work the gripman failed to slacken the speed of the car, or to ring the bell, or give any warning of its approach, and one of the plaintiff's witnesses testified that when within a short distance of the place of the accident he (the gripman) was not looking ahead, as it was his duty to do, but seemed to be examining the machinery in the bottom of the gripcar.

The question of the plaintiff's alleged contributory negligence was for the jury, unless no other inference could fairly or reasonable be drawn from the evidence than that plaintiff in the circumstances failed to exercise ordinary care for his own safety. *Corcoran v. Railroad*, 105 Mo. 399. Or, stating the rule in another way, the question is one of fact for the jury where the evidence is such as may lead the minds of fair or sensible men to different conclusions. *Church v. Railroad*,

119 Mo. 203.   In the case at bar there is a dispute as to the attending facts, but in disposing of this assignment we must look alone to the plaintiff's evidence. This evidence was to the effect that plaintiff, in unloading the beams, took the only possible position for the safe performance of the task assigned to him; that just at the time the car approached, he was holding up the end of a heavy iron beam, and in doing so he necessarily had to stand with his back to the approaching car.   Under such circumstances is the inference an unavoidable one, that in standing with his back to the south and in failing to keep a constant watch for an approaching car, he failed to exercise ordinary care for his own protection?   We think not.   It is true that he could have seen the car if he had turned his head, and that if he had been aware of the danger he could have escaped injury by taking one step to the east, but it must be borne in mind that at the critical moment he was sustaining a heavy weight, which required all of his exertion and attention, and as he occupied an obviously dangerous position, it was not unreasonable for him to count on due care and attention on the part of the defendant's servants to avoid doing him an injury; that is, by noticing his position, and by stopping the car until the hoisting apparatus could be adjusted on the beam, or at least by giving him some warning of the pending danger.   The cases relied on by appellant are not and can not in the nature of things be controlling.   What is negligence and what is diligence, must be determined by the facts and circumstances of each individual case.   No definite standard can be erected or rule evolved by which every case can be measured or determined.

In the plaintiff's third instruction the jury were told in substance that even though they might believe that the plaintiff negligently and carelessly exposed

himself to danger, still if the persons in charge of the car saw, or by the exercise of ordinary attention could have seen his danger in time to have avoided the accident by the use of ordinary measures of precaution, and they failed to do so, then the finding should be for the plaintiff. This instruction declares a familiar principle that is applied daily in the courts. In the operation of an electric or cable railway in the streets of a populous city, the persons in charge of its cars should keep a strict watch along the entire route, and when a person is seen on the track or near the track and is in apparent danger, it is their duty to sound the bell and use all reasonable methods to prevent the injury, and it is no less their duty if such person has recklessly exposed himself to danger. The plaintiff's evidence warranted the instruction, for it tended to show that the railroad track at the place of the accident could be seen for some distance south; that the plaintiff was standing with his back to the approaching car, and was either on the track or so close to it, that the car could not pass without striking him, and that the danger of his position could have been discovered by the gripman in time to have avoided the accident. We, therefore, conclude that there was no error in giving the instruction.

What we have said answers the objections made by defendant to the action of the court as to other instructions. We think that the case was fairly tried, and the judgment ought to be affirmed. But as one of the judges is of the opinion that our decision is opposed to the decisions in the cases of *Vogg v. Railroad*, 36 S. W. Rep. 646, and *Maxey v. Railroad*, 113 Mo. 1, the cause will be certified to the supreme court for final determination. All the judges concur.