Appellant's third special charge could only have been given upon the theory that its negligence in blocking the crossing was not the proximate cause of appellee's injuries, and in reversing the case for the refusal of this charge the majority opinion has adopted that view of the law. The cases relied on by appellant to support this proposition are not decisive. In De La Pena v. International Great Northern R. Co., 32 Texas Civ. App. 241[32 Tex. Civ. App. 241], the plaintiff, finding the street crossing blockaded with cars, took a path running along the railroad's right of way for the purpose of going around the cars, and while walking along the path stepped into a hole or open drain and broke his leg. The case of Texas Pac. Ry. Co. v. Kelly (Tex. Civ. App.), 78 S.W. 372, is very similar. Plaintiff was riding in a vehicle, and upon reaching the street found it completely blocked by the defendant's cars, and, after standing at the crossing for 10 or 15 minutes waiting for the cars to be moved, drove out of the street, and endeavored to cross over the defendant's tracks, and while thus attempting to cross, one wheel of the vehicle went into a hole or depression upon one of the tracks, throwing the plaintiff out upon the ground, by which she sustained serious injuries. *Page 426 
In each of these cases the negligence of the company in blockading the street was held to be the remote and not the proximate cause of the injuries. In each it will be seen that there was an intervening efficient cause for the injury, but for which the accident would not have occurred, and for which in the particular cases the defendant was not liable. But not so in the present case. It can not be said that the "negligence of appellant's servants in charge of the train in suddenly putting it in motion after inviting Hugh Johnson to cross between the cars, or after acting in such manner as that a person situated as he was might reasonably conclude that he had been invited to pass between the cars," was an intervening efficient cause of the injury, for the injury could not have happened by reason of these acts alone, divorced from the further negligent act of blockading the street. The blockading of the street and the negligent starting of the cars in motion are so interwoven as to constitute an inseparable act of negligence, and it would be improper to attempt to separate them and to inquire whether either alone was the sole proximate cause. The cases of Burger v. Missouri Pac. Ry. Co., 112 Mo., 238; 20 S.W. Rep., 439; 34 Am. St. Rep., 379, and Lake Erie W. Ry. Co. v. Mackey, 53 Ohio St. 370;41 N.E. 980; 29 L.R.A., 757; 53 Am. St. Rep., 641, are very much in point, and sustain the proposition just announced. In the case first cited the following quotation is made: "Now adjust the acts of stopping and starting ever so nicely to the maxim causaproxima, and not a step of advance is taken by the defense, for the company is equally liable for both causes. If you say it was the starting and not the stopping of the cars that did the mischief, the question of plaintiff's negligence in suffering his son to be under them is still in the case, but you have made no progress in the defense, because if it was wrong in the start, the company are as responsible for it as for any wrong in the stop. The nature of the case, however, does not admit of this nice distinction. The conduct of that train of cars was one thing, intrusted as a special duty to one man, and, if his mismanagement injured the plaintiff, without fault on the plaintiff's part, the company are liable for it. To split such a single, simple, individual cause into two causes, and to christen them proxima and remota, is to embarrass ourselves unnecessarily, and to obstruct the course of justice." The case then holds: "The negligent and unlawful obstruction of the street continued until the negligent starting of the cars commenced, and the two alleged causes of the injury were not separable in the sense that one only would be the proximate cause of the damage." The second case affirms the same doctrine as follows: "Nor are the two negligent acts independent of each other. Both concur in constituting an act of negligence, viz., the negligent starting of a train negligently and unlawfully obstructing a street crossing." The rule which should determine this and all kindred cases is well expressed in Mills v. Missouri, K. T. Ry. Co. of Texas,94 Tex. 242; 59 S.W. Rep., 874; 55 L.R.A., 497, wherein Mr. Justice Williams, speaking for our Supreme Court, said: "Whether or not negligence *Page 427 
of the defendant constituted a proximate cause of plaintiff's injury must be determined from a consideration of everything that happened. It would be a mistaken way of viewing the evidence to take separately each act or omission which may be found to have been negligent, and inquire if it alone constituted the proximate cause. The combined effect of all may be considered, and when this is done, and if it is to be also found that no negligence of plaintiff caused or contributed to the result, we think it can not be said, as matter of law, that there was not the proper causal connection between the conduct of defendant and the injury to plaintiff."
In the present case the court's charge required a finding of negligence both in the particulars of blocking the crossing and in starting the cars before plaintiff would be entitled to a recovery. Nor can it be said that the act of the person inviting appellee to cross between the cars is the sole proximate cause, even though appellee testifies that he would not have attempted to cross but for this invitation. Necessarily he would not have attempted to cross as he did if the street had not been blockaded, so that his testimony in this particular does not alter the situation or make that which would otherwise be a contributing cause the sole proximate cause of the injury. Suppose under the evidence the jury were to find that no signal was given to appellee. What then would be the proximate cause of appellee's injuries? But one answer can be returned, that is, the negligence of appellant company in unlawfully blockading the street and in starting its train without warning to appellee. Or, suppose the signal was given, but by some person other than an employe of appellant, then there would simply be the act of negligence of a third person concurring with the negligence of appellant, proximately causing appellee's injuries, and each would be equally liable. So that in my opinion it would have been error for the trial court to have given the special charge, and thus to have said, as matter of law, that the negligence of appellant in blockading the street over which appellee desired to pass was not a contributing proximate cause to his injury.
The question last certified, presented in the brief but not passed on in the above opinions, is raised by appellant's first assignment of error and first and second propositions thereunder, and will be found in the extracts from its brief.