FRANK MOORE, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 1, 1909.

1. MASTER AND SERVANT: Negligence: Out of Place: Evidence: Demurrer. Where there is a dispute on the evidence as to whether the servant voluntarily assumed a place of danger a demurrer to the evidence is properly sustained.

2. ———: ———: Pleading: Instruction: Evidence. A petition charged that the defendant "by and through its agents, servants and fellow-servants negligently threw open a trap-door," etc. An instruction was given within the averments of the petition and the evidence supported the averments. *Held*, the instruction was not a roving commission to determine what acts would constitute actionable negligence.

3. ———: ———: ———: ———: Trial Practice. Instructions good as far as they go, yet failing to cover the whole case amount to non-direction and not to error and the other party should ask a proper instruction supplying the defects.

4. ———: ———: ———: ———: Damages. In an instruc-
tion a word "continuance" is held not to have been used in the
sense of permanent; and the phrase "the character and extent
of said injury" means during the continuance of the injury.

Appeal from Cooper Circuit Court.—*Hon. William H. Martin,* Judge.

AFFIRMED.

*Roy D. Williams* and *C. D. Corum* for appellant.

(1)   The evidence showed that plaintiff volunta-
rily chose a position of danger—a position where he
was likely to sustain injury, regardless of any negligent
or unusual act of the defendant's servants, and defend-
ant's demurrer to the evidence, therefore, should have
been sustained.   Fore v. Railroad, 114 Mo. App. 551;
Purcell v. Shoe Co., 187 Mo. 290; Moore v. Railway,
146 Mo. 572; Sparks v. Railroad, 31 Mo. App. 111.   (2)
Plaintiff's first instruction gave the jury a roving com-
mission to determine what act or acts on the part of de-
fendant's servants, might as a matter of law, constitute
actionable negligence.   Duerst v. Stamping Co., 163 Mo.
624; Yarnell v. Railway, 75 Mo. 583; Goodwin v. Rail-
way, 75 Mo. 75; Zimmerman v. Railway, 71 Mo. 491;
Hinzeman v. Railway, 182 Mo. 611; Lesser v. Railway,
85 Mo. App. 335; Sommers v. Railway, 108 Mo. App.
324; Ravenscraft v. Railway, 27 Mo. App. 623; Ma-
grane v. Railway, 183 Mo. 132.   (3)   The evidence
showed that plaintiff had substantially recovered from
his injuries at the time of the trial.   There was not a
scintilla of evidence of any kind tending to show per-
manent injury, and yet the court told the jury, not
only that plaintiff's injuries would continue, but that
they might take the fact of their continuance into con-
sideration in estimating plaintiff's damages.   The au-
thorities do not justify such an instruction.   Steinmann
v. Transit Co., 116 Mo. App. 679; Trendeville

v. Transit Co., 107 S. W. (Mo.) 455; Deidemann v. Mocasky, 118 Mo. App. 106; Wilbur v. Railway, 110 Mo. App. 697; Schwend v. Transit Co., 105 Mo. App. 534.

Chas. W. Journey and W. F. Johnson for respondent.

(1) Plaintiff's instruction numbered one prop-. erly stated the law. Where the general negligence is pleaded, it is not incumbent upon plaintiff to show the cause of the accident. Orcutt v. Building Co., 201 Mo. 424; Furnish v. Railway, 102 Mo. 452; Allen v. Railroad, 183 Mo. 433; Burger v. Railroad, 112 Mo. 245. (2) The mental operations by which the individual members composing the panel of jurors severally attained a verdict cannot be the subject of judicial inquiry and are not to be controlled by the court by instructions. Wacher v. Transit, 108 Mo., App. 645; Holden v. Railroad, 108 Mo. App. 665; Banks v. Ragsdale, 171 Mo. 618; Fillingham v. Transit Co., 102 Mo. App. 573. (3) The petition did not allege permanent injury, nor did instruction number five submit to the jury the question of damages for any permanent injury. Browning v. Railroad, 124 Mo. 71; Fisher v. Transit Co., 198 Mo. 591; Smith v. Fordyce, 190 Mo. 30; Johnson v. Tin Foil & Metal Co., 116 Mo. App. 596; Ashby v. Gravel Road Co., 111 Mo. App. 85; Parman v. Kansas City, 105 Mo. App. 693. (4) The court is not required, in civil cases, to instruct on all questions, whether suggested or not, and, as there is nothing in the amount of the verdict to indicate that the jury were actuated by any improper motive in their assessment, the general nature of the instruction is no ground for reversal. Smith v. Fordyce, 190 Mo. 30; Browning v. Railroad, 124 Mo. 71. (5) Where a jury clearly appears to have reached a correct result in its verdict and where the assessment of damages is not

excessive, it cannot be affirmed that it was misled by an erroneous instruction. McKinstry v. Transit Co., 108 Mo. App. 12; Sherwood v. Railroad, 132 Mo. 345; McGowan v. Ore & Steel Co., 109 Mo. 518; Thompson on Trials, secs. 2401, 2403, pp. 1746-1749; R. S. 1899, sec. 865.

BROADDUS, P. J.—The plaintiff's action is to recover damages as the result of an injury received while in the defendant's employ and alleged to have been occasioned by the negligence of a fellow-servant.

Plaintiff, with other laborers, was employed by defendant to unload sand from a car upon its tracks. On the occasion in question, the car, which plaintiff was assisting in unloading, was equipped with four trap doors located in the bottom, two in front and two in the rear. These doors were at first only partially opened, just sufficiently to allow the sand to run gradually through, in order that the workmen who were beneath the car might be able to shovel the sand away as it fell upon the ground. Thus far, there is no conflict of evidence.

Plaintiff's evidence tends to show that he was standing in the rear of one of the trapdoors and in the rear end of the car, and, while he, with others, was shovelling the sand through the open space, one of his colaborers, who was working on the ground, suddenly threw open the trapdoors where he was working, which caused the sand resting on the doors and near around to rush through the opening carrying the plaintiff along and precipitating him with violence upon an iron rod beneath the bed of the car. Several of his ribs were broken. He was confined to his bed several months and unable to perform his usual duties. He suffered pain from the injury for two or three months and at the time of trial complained of pain.

The verdict was for the plaintiff for $500, from which defendant appealed. The defendant offered a de-

murrer to the plaintiff's evidence, which the court refused to sustain. The defendant urges that the plaintiff was not entitled to recover as he voluntarily assumed a place of danger, but that is disputed, for which reason the demurrer was properly sustained.

Plaintiff's first instruction is criticised on the ground that it amounted to a roving commission to the jury to determine what act or acts upon the part of defendant's servants would, as a matter of law, constitute actionable negligence. In other words, the jury should have been told what facts, which the evidence tended to prove, would amount to a negligent opening of the door. The charge of the petition is that "the defendant by and through its agents, servants . . . and fellow-servants negligently, carelessly and unskillfully . . . suddenly threw wide open a trapdoor in the bottom of the car near which plaintiff was standing . . . thereby causing the sand," etc. It will be seen that there is no fact pleaded of the negligent opening of the door, but that the fellow-servant or servants negligently threw open the door, which amounts to a general charge of negligence. The instruction was as broad as the petition and is held to be sufficient.

In Orcutt v. Century Building Co., 201 Mo. 424, where plaintiff was a passenger in defendant's elevator, it is held that "it is not incumbent upon the plaintiff to show the cause of the accident where general negligence is pleaded. It is sufficient to show the accident and the attendant circumstances and conditions and, where that is done, negligence on defendant's part will be presumed and the burden then shifts to defendant to show that there was no negligence," etc. In Allen v. St. Louis Transit Co., 183 Mo. 411, the holding is similar. "When the petition charging negligence is sufficient and the evidence tends to prove its averments a case is made for the jury." [Burger v. Railway, 112 Mo. 238.] The petition being sufficient and the evi-

dence tending to support its allegations, the instruction need not be broader than the allegations of the one and the scope of the other.

And it is a rule of law that, "Instructions which are good as far as they go, but do not cover the whole case, amount in civil cases only to non-direction, and not to error, and it is the duty of the other party to ask proper instructions to supply the shortcomings of his adversary." [Bank v. Ragsdale, 171 Mo. 168; Fillingham v. Transit Co., 102 Mo. App. 573; Wilson v. Railway, 122 Mo. App. l. c. 674.]

Instruction number 5, given for plaintiff, reads as follows: "If the jury find the issues for the plaintiff, in determining the measure of his damages, they may take into consideration in connection with all the other facts and circumstances in evidence, the bodily pain and suffering and mental anguish endured by plaintiff since said injury in consequence thereof, the character and extent of said injury and its continuance, together with loss of time, if any," etc.

The defendant contends that the instruction by the use of the word "continuance" authorized the jury to assess damages for permanent injury. The petition does not allege any permanent injury to plaintiff and it is admitted that there was no evidence to that effect. While the word in its general sense signifies permanency, in the connection it is used it does not bear that construction. The connecting words, "the character and extent of said injury and its continuance," imply during or while it continues, or while it remains. We believe the jury was not misled to the prejudice of defendant as the verdict was a moderate one and reasonable in view of the evidence.

The case was fairly tried and there was no material error operating to the prejudice of defendant. Affirmed. All concur.