THE HUSE & LOOMIS ICE AND TRANSPORTATION COMPANY, *Appellant*, v. HEINZE, *Public Administrator*.

102 245
92a ⁵603

1. **Contract, Indefiniteness of.** While a contract may be so vague in its terms as to be incapable of enforcement in equity, yet courts of law will grant relief in damages for the breach of many agreements which equity would regard as too indefinite to specifically enforce.

2. ———: INTENTION OF PARTIES. The intention of the parties is a guiding rule of interpretation in case of obscurity in the terms of a contract.

3. **Contract:** INDEFINITENESS: ACTION FOR BREACH. A contract between S. and C. provided that S., being the holder of certain options and a lease on land bordering on Creve Cœur Lake, agrees to procure deeds for said options in the name of C., he to furnish the means for the same, and, in consideration therefor, C. agrees to pay S. the sum of $3,000, and the further consideration of $25,000, non-assessable stock in a company to be formed for the purpose of developing said Creve Cœur Lake as a pleasure resort, and for other purposes. It was also agreed that the capital stock should be $300,000, with two-thirds paid in, and, in the event of the company being formed with a greater or less amount of capital, the

amount to be paid the said S. shall vary as $25,000 stands to $300,000. *Held* that the contract is sufficiently clear to support an action for its breach.

4. ——: MEASURE OF DAMAGES. The measure of damages would be based on the fair and reasonable value the stock in question would have had if the company had been organized. .

5. ——: ——: BEST EVIDENCE. The plaintiff in proving her damages need only give the best evidence which the nature of the case permits.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED.

DEFENDANT is sued as administrator of the estate of John Cromie. Plaintiff's claim is as assignee of Frances E. Stephens for breach of a contract between the latter and Mr. Cromie, as follows :

" Articles of agreement made and entered into this fourteenth day of June, A. D. 1878, at Chicago, Illinois by and between Frances E. Stephens, of St. Louis, Missouri ; John Cromie, of Louisville, Kentucky, to-wit : Frances E. Stephens, being the holder of options from I. C. Marine, H. Metcalf, Mr. Gibson, Mr. Mueller, R. G. Coleman, and a lease from Mr. Bacon and wife, on lands bordering on Creve Cœur Lake, St. Louis county, Missouri, hereby agrees to procure deeds for said options in the name of John Cromie, he to furnish the means for same, and, in consideration of the above, the said John Cromie hereby agrees to pay the said Frances E. Stephens the sum of $3,000, and the further consideration of $25,000, non-assessable stock in a company to be formed for the purpose of developing said Creve Cœur Lake as a pleasure resort, and for other purposes. And it is also agreed that the capital stock shall be $300,000, with two-thirds paid in, and, in the event of the company being formed with a greater or less amount of capital, the amount to be paid the

said Frances E. Stephens shall vary as $25,000 stands to $300,000. In testimony thereof, witness our hands and seals, day and year as above written.

"(Signed)          FRANCES E. STEPHENS [Seal].
          "By H. A. STEPHENS, Agent.
          "JOHN CROMIE [Seal]."

Plaintiff's demand thereon was first presented to the probate court. It is alleged the terms of the agreement as above complete performance on the part of Mrs. Stephens; that Mr. Cromie had paid at one time the $3,000 mentioned, and afterwards a draft for $500, but had in other respects failed on his part to perform the agreement, and it asked an allowance of $24,500 against the estate.

The probate court refused the allowance, plaintiff appealed, and the circuit court adhered to that ruling. The case was then brought here by appeal after the customary motions to secure a review.

*Eber Peacock* for appellant.

(1) Frances E. Stephens, claimant's assignor, having performed her part of the contract and perfected the title in Cromie to the lands called for by the options, except such as Cromie himself declined to take, is entitled to have the full consideration provided and in said contract to be paid her. *Greene v. Railroad*, 82 Mo. 653; Benjamin on Sales [4 Ed.] 566; *Nearns v. Herbert*, 25 Mo. 354; *Dobbins v. Edwards*, 18 Mo. App. 307. (2) If it be held that the terms used in the contract necessarily provided for an incorporation, then we contend that as stock in a corporation can only be paid for by money or its equivalent, that the obligation to give Mrs. Stephens $25,000 non-assessable stock, which the testimony of H. A. Stephens shows was understood as full paid stock, means that she was to have stock of $25,000 in value, and that the incorporation to issue the stock would have the money or its equivalent, and that the capital of $300,000, of which two-thirds was to be

paid up, would give it $200,000 in money or its equivalent. The contract thus fixes the money value of the consideration which Mrs. Stephens was to receive, and where so fixed is the measure of damages for the breach thereof; that there was no incorporation at the time is immaterial. *Haskell v. Sells*, 14 Mo. App. 100, 101; R. S. 1879, sec. 926; *Leibke v. Knapp*, 80 Mo. 22; *Brown v. Railroad*, 18 Mo. App. 568; *McElhinney v. Kline*, 6 Mo. App. 95; *Champlin v. Rowley*, 18 Wend. 187. (3) The probate court had jurisdiction of such a demand. The claimant not only could present its demand generally against the estate of Cromie for the unpaid portion of the consideration. R. S. 1879, sec. 195; *Valle v. Fleming*, 19 Mo. 454; *Garrett v. Bicknell*, 64 Mo. 407; *Wernecke v. Kenyon*, 66 Mo. 275. But, under sections 139 and 140, Revised Statutes, a presentation of claimant's demand for the unpaid portion of the consideration for the sale of Mrs. Stephens' equity to Cromie, the court could either order the administrator to sell all the right, title and interest of the deceased therein, or order the land to be relinquished to claimant on the best terms that can be agreed upon. *Garrett v. Bicknell*, 64 Mo. 407. (4) The contention of the respondent is, that as to that portion of the contract that provides for the formation of a company to develop Creve Cœur Lake, etc., that it is so vague and indefinite that specific performance would not be decreed to enforce it, and that, therefore, no recovery in damages can be had. Now, even if this proposition was true, and by reason of its vagueness a decree would not be granted, yet a court of equity in that case will, as far as possible, replace parties in *statu quo*. *Paris v. Haley*, 61 Mo. 454. And that is analogous to the statutory power that the probate court has, and can exercise, under section 140, Revised Statutes, 1879, to restore the land to the claimant on the best terms that can be made, but this necessarily involves an adjudication of the claimant's demand. *Garrett v. Bicknell, supra.*

*H. A. Clover* and *John W. McElhenney* for respondent.

(1) No data can be afforded for estimating the value of the stock of the contemplated enterprise. There is and can be no ascertainable and definable pecuniary loss. *Hunt v. D'Orval*, Dudley, 180; *Wilson v. Weil*, 67 Mo. 399; *Dyer v. Rich*, 1 Met. 180; Sedgwick on Damages, p. 342; *Struthers v. Clark*, 30 Pa. 210. (2) An agreement, the terms of which are unintelligible, or too vague, cannot be enforced. *Gutting v. Lynn*, 2 B. & A. 232; *Pearce v. Watts*, L. R. 20 Eq. 492; *Taylor v. Portington*, 7 DeG. M. & G. 328; Pollock on Contracts, 161; *Adams v. Adams*, 26 Ala. 272; *Sherman v. Kitzmiller*, 17 S. & R. 45; *Buckmaster v. Ice Co.*, 5 Daly, 313; *Whelan v. Sullivan*, 102 Mass. 204; *Crimmer v. Butts*, 40 Mich. 322. (3) If a written contract is expressed in such terms that its meaning and intention cannot be ascertained to a reasonable degree of certainty, it is so far inoperative and void. *Culver v. Culver*, 39 N. J. L. 574; *Leslie v. Smith*, 32 Mich. 64; *Carter v. Holman*, 60 Mo. 498.

BARCLAY, J.—The position of defendant here, as stated in the brief, and presumably. that of the trial court when ruling that plaintiff could not recover, is "that the contract is so vague and indefinite in its terms and provisions as that it is void for uncertainty, and that the courts of the land can, therefore, give no remedy for the supposed breach thereof."

It should be borne in mind that Mrs. Stephens (in whose place plaintiff stands) having previously secured "options" on the lands mentioned, bordering on Creve Cœur Lake, St. Louis county, afterwards obtained deeds therefor "in the name of" Mr. Cromie and delivered them to him on the faith, and in pursuance, of the agreement. Thus the latter became owner of the desired property and thereupon legally bound to

furnish whatever equivalent the contract stipulated in return for the advantages received. The contention now is that this return or equivalent for those benefits is so vaguely described as to render the agreement invalid for uncertainty. This is the interpretation sought to be extracted from the following language, viz., "in consideration of the above, the said John Cromie hereby agrees to pay the said Frances E. Stephens the sum of $3,000, and the further consideration of $25,000, non-assessable stock in a company to be formed for the purpose of developing said Creve Cœur Lake as a pleasure resort, and for other purposes. And it is also agreed that the capital stock shall be $300,000, with two-thirds paid in, and, in the event of the company being formed with a greater or less amount of capital, the amount to be paid the said Frances E. Stephens shall vary as $25,000 stands to $300,000."

It is conceded that no company was ever formed; no stock issued; and that nothing whatever has been done toward compensating plaintiff or its assignor except payment of the $3,000 specified, and later $500 on general account of the contract.

It appears, therefore, that the contract has been fully executed on the part represented by plaintiff and that on the other side it remains unfulfilled in its most important particulars.

That a contract may be so vague in its terms as to be incapable of enforcement is a familiar proposition and one of frequent application in cases of equitable cognizance. But courts of law will grant relief in damages for the breach of many agreements which would not be regarded in equity as sufficiently definite and certain to warrant a decree for their specific performance.

The aim of the law is, usually, to afford compensation for breach or non-fulfillment of the obligations of a contract. This can, in many instances, be justly done though the terms of agreement are not absolutely clear

and unambiguous in all particulars. In order that there may be no failure of justice resort must often be had to principles of interpretation and construction, and if by such aid the essential parts of a contract can be discerned with reasonable certainty full effect will be given them.

In this case we are called upon to say whether the contract before us is sufficiently definite to have any legal force as an obligation, and if so what is the proper measure of damages for its breach.

The pioneer of interpretation is the rule that the intention of the parties, as gathered from the entire instrument, shall enlighten any obscurity there may be in its distinctive parts.

The defendants' theory of this agreement ascribes to it the general intent of providing no compensation beyond the $3,000 to Mrs. Stephens in return for the full performance of it on her part. Whatever may be the true meaning of the language it employs it is evident at a glance that such was not the purpose contemplated by the contracting parties. They evidently designed that Mrs. Stephens should receive under it some substantial and valuable compensation. It was to be in the form of capital stock of face value equal to one-twelfth of the entire issue thereof.

The amount of the capital stock is mentioned and the proportion of it (two-thirds) required to be fully paid. The supposably fatal ambiguity appears first at the point where it is recited that "in event of the company being formed with a greater or less amount of capital the amount to be paid the said Frances E. Stephens shall vary as $25,000 stands to $300,000."

This, it is imagined, casts an impenetrable veil of obscurity over the entire instrument, practically destroying its legal vitality and precluding its enforcement. It undoubtedly gave Mr. Cromie the option to determine (as between the parties) the amount of the capital stock of the projected company within the limits of

the law governing that subject and the general purposes of the agreement, but it did not impinge upon other parts of the latter to the extent of dispensing with all compensation in case Mr. Cromie failed to organize any company whatever. The option given by it he never exercised. Hence that clause of the paper never became applicable. It is at best a subsidiary and subordinate part of the agreement, and, if regarded as too vague and unintelligible for comprehension or enforcement, the contingency for which it provides having never arisen, it should not be permitted to defeat the effect of the other stipulations and the obvious purposes and objects they express.

But, in sounding the phrase in question for a meaning, we may apply another rule of great utility that requires it to be so construed as to give effect as well to all other parts of the instrument. The rest of the contract must not perish to provide standing room for this clause only. The latter should rather be interpreted so as to harmonize with the idea that runs clearly through the other lines, namely, that whatever the size of the capital stock the actual interest of Mrs. Stephens should be such as had previously been definitely indicated by the figures recited.

Viewing the contract as a whole in the light of these recognized principles of interpretation, we think it sufficiently clear to support an action for its breach and that the measure of plaintiff's damages therefor should be based on the fair and reasonable value the stock in question would have had upon the organization of the company as agreed, with interest thereon, from the beginning of this action.

The company was "to be formed for the purpose of developing Creve Cœur Lake as a pleasure resort." The land obtained was situated on that lake, and the title was taken not for, but "*in the name*" of, John Cromie, from which it may be fairly inferred (having

regard to the evident intent of the agreement as an entirety) that those lands were to form a part of the corporate property, and that the title was "taken in the name of" Mr. Cromie, pending the formation of the corporation. If the evidence disclosed the value of those lands so acquired it would be a fact proper to be considered in arriving at the real value of the stock in the contemplated company, as an issue of fact.

The figures furnished by the contract establish the interest of Mrs. Stephens as one-twelfth of the value of the proposed stock, and would be entitled to consideration ( for such weight as the triers of fact might give them ) in arriving at the amount of the plaintiff's damages. What the contract was worth to her, in view of the terms of the agreement, and of the property designed to be acquired thereunder by the proposed company at its inception in consideration of the stock, is the true measure of her loss.

As no company was ever organized plaintiff may not be able to furnish an entirely exact basis for estimating the recovery. She need only give the best evidence that the nature of the issue permits.  *O'Brien v. Ben. Soc.* ( 1889 ), 117 N. Y. 310.

We think, at least, the facts above outlined are entitled to be considered as tending to determine the probable value of the stock, had the contract been performed as agreed.  *Dyer v. Rich* ( 1840 ), 1 Metc. 180 ; *Kirschmann v. Lediard* (1872), 61 Barb. 573.  The judgment of the trial court is reversed and the cause remanded for further proceedings ; RAY, C. J., and BRACE, J., concurring in this opinion. SHERWOOD and BLACK, JJ., concur in reversing and remanding.