# PARKER, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, November 29, 1904.

1. **PERSONAL INJURIES: Proximate Cause: Intervening Cause.** Where a passenger in alighting from a street car, by the sudden and negligent starting of the car before she had time to alight, was thrown under the feet of a mule hitched to a wagon, when the animal became unmanageable and drew the wagon wheels over her, the negligence of the street railway company was the proximate cause of the injuries received thereby and was liable to her in an action for damages for the same.

2. ———: ———: ———: **Notice.** It was not necessary to show that the street railway company had notice of the position of the wagon and animal which were the intervening cause of the injuries.

3. ———: ———: **Instruction.** It was not error to refuse an instruction stating a proper theory of defense, where other instructions were given at the defendant's instance presenting a like theory.

4. ———: **Damages: Future Expense.** In an action for personal injuries, where the testimony showed that plaintiff's recovery was not complete at the time of the trial, that her disability might be permanent, that she was then under medical treatment which might be continued, it was not error to permit the jury, in estimating damages, to take in consideration the expense of medicine and medical attention which they believed from the evidence would be required in the future.

5. ———: **Remarks of Counsel.** Where counsel for the plaintiff used improper language in his argument, but was promptly rebuked by the trial judge, retracted and apologized before proceeding the court of appeals will not disturb the verdict which the trial court allowed to stand.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann* and *George W. Easley* for appellant.

The court erred in giving the second instruction on behalf of the plaintiff. There was nothing shown in evidence to charge the defendant with any notice of the position of the mule and coal wagon, and there was nothing apparent that the plaintiff would be thrown beneath the mule and wagon. Therefore, the defendant is not to be charged with the effects of the injury from the mule. When the evidence leads to an inference quite as strong that the plaintiff's injury was caused in one of three ways, one of which would create liability on the part of the defendant, and the other would acquit it from liability, and the jury adopts the one that imposes the liability, the plaintiff has not sustained the burden of proof, and the verdict should be set aside. Nellis on St. Rys., p. 303; Laidlow v. Sage, 157 N. Y. 73, 52 N. E. 679; Epperson v. Postal Tel. Co., 155 Mo. 382, 50 S. W. 795, 55 S. W. 1050; Smart v. Kansas City, 91 Mo. App. 586; Brien v. Cooperage Co., 50 Mo. App. 202; Fuchs v. St. Louis, 133 Mo. 196, 31 S. W. 115, 34 S. W. 508; Smith v. Bank, 99 Mass. 605; Rupert v. Railroad, 154 N. Y. 90, 3 Am. Neg. 711.

*Selden P. Spencer* and *Hibbard C. Whitehill* for respondent.

REYBURN, J.—The declaration of plaintiff's cause of action was prefaced by introductory allegation of the relationship of common carrier and passenger existing between the parties on the Jefferson avenue line in the city of St. Louis, with purpose on her part of transferring at Olive street to another line of defendant's system and, continuing, charged:

"That as the car approached said Olive street she signalled the servants and employees of the defendant corporation in charge of said car to stop said car at

Olive street; whereupon, in response to her signal, said car came to a stop at the northeast corner of Olive street and Jefferson avenue; whereupon she attempted to alight from said car, but before she had time to leave the same, the defendant, by its servants and employees in charge of said car, negligently and without warning to the plaintiff, started said car with a sudden jerk, whereby plaintiff, without fault or negligence on her part, was thrown violently to the paved street and under a mule hitched to a wagon standing near, thereby causing severe injury to her shoulder, arm and other parts of her body.''

The defense made was a general denial united with affirmative plea of contributory negligence on part of plaintiff, in leaving her seat and carelessly starting to alight from the car while it was in motion. A jury trial terminated in verdict for the plaintiff in a substantial sum.

The evidence disclosed that plaintiff, a young woman then studying stenography, with a male and female companion, boarded a north-bound Jefferson avenue summer car at Scott avenue, the gentleman of the party paying the three fares and obtaining transfer tickets for the Olive street division. As the car drew near Olive street, in response to the gentleman's signal, the car stopped momentarily at the usual stopping place and plaintiff arose, with typewriter instructor and other like books, to leave the car, but before she had descended therefrom, it moved suddenly forward and continued some distance northward before finally stopping, and the sudden forward movement of the car precipitated plaintiff to the ground, landing her between the feet of a mule hitched to a coal wagon, which animal became unmanageable, and the wagon wheels passed over her several times producing injuries, the extent and nature of which were the subject of expert testimony by medical witnesses tendered by both parties.

1. The first assignment of error by appellant is levelled at plaintiff's instruction permitting plaintiff's recovery for her injury by the mule and wagon, as the evidence did not show defendant had notice of the position of the vehicle and animal, and it was not apparent that plaintiff would be thrown beneath them. If defendant was guilty of negligent conduct in the respect averred, such negligence was the proximate and efficient cause of plaintiff's injuries, without which such hurts would not have ensued, and for which defendant, therefore, was responsible; the defendant as perpetrator of the original wrongful act was answerable for all the consequences ensuing in the ordinary course of events, though such consequences might directly be produced by intervening causes.

2. The court rejected an instruction of defendant in language following:

"The court instructs the jury that if you find from the evidence in this case that the plaintiff fell from defendant's car while said car was in motion, and before it had come to a stop for the purpose of discharging and taking on passengers, then plaintiff is not entitled to recover, and your verdict must be for the defendant."

But as the court, at defendant's instance, had given instructions presenting the like theory even more strongly for defendant, this refusal was not error, the instructions given being as follows:

"If, after a full and fair consideration of all the evidence in this case, you are unable to determine whether the plaintiff was precipitated from defendant's car by being knocked, jostled or pushed off of said car by persons getting on or off of defendant's car at the time, or by being thrown therefrom by a sudden and unusual motion of the car, then plaintiff is not entitled to recover, and your verdict must be for the defendant."

"The court instructs the jury that if you find from the evidence in this case that the plaintiff attempted to alight and was thrown while alighting from defendant's car while it was in motion, then plaintiff is not entitled to recover and your verdict must be for the defendant."

3. The court in a comprehensive instruction of plaintiff defined the measure of recovery and embraced, among other elements of compensation, reasonable and fair compensation for such expenses, medicines and medical attention as from the evidence she has been put to, or from the evidence it believed would be required in the future as the result of the injury. The testimony of the attending physician was, that plaintiff was then in an abnormal state, her recovery not complete at time of the trial and her disability might be permanent; that she was then under medical treatment which might be continued. In proving her damages, plaintiff was required only to give the best evidence of which the case permitted and from the nature of the case it was manifestly impossible to establish with mathematical accuracy and by definite amount the extent to which plaintiff would in the future require medical aid and the expense which thereafter she would incur for medicines. Huse, etc., Co. v. Heinze, 102 Mo. 245; Mabrey v. Gravel Rd. Co., 92 Mo. App. 596.

4. In summing up for the plaintiff the following colloquy occurred:

"Judge Spencer: You heard the statement of the jurors on their *voir dire* in this examination, how out of eighteen men, three of them were either injured or had claims—

"Mr. Arnold: I object to that statement.

"The Court: That is improper, Judge Spencer, and should not be referred to.

"Judge Spencer: I retract it, Your Honor.

"The Court: There is nothing except the testimony in the case before the jury.

"Judge Spencer: I retract it and also beg your Honor's pardon and the jurors.'"

If the counsel for respondent was about to transcend proper bounds and abuse his privilege in argument of the case, as the fragment of his interrupted sentence might presage, the error, if imminent and about to be consummated was summarily withheld, promptly rebuked, counsel admonished by the trial judge, a plenary retraction and apology tendered by the attorney, and the occurrence of the incident in the judgment and discretion of the presiding judge did not exact sustaining the motion for new trial at instance of defendant and we see no just ground for differing in this regard from the trial court.

Judgment affirmed. All concur.