MARTIN FOLEY, by next friend, MICHAEL FOLEY, Respondent, v. McMAHON, Appellant.

St. Louis Court of Appeals, October 31, 1905.

1. **NEGLIGENCE: "Proximate Cause:" Definitions.** The term "proximate cause," as applied to the production of an injury for which a cause of action would lie, is described and numerous definitions from different authorities are set forth.

2. ———: ———: **Personal Injuries: Probable Cause.** If an injury to one directly and naturally flows from the negligence of another, such negligence is the probable cause so as to render the other liable in an action for damages; but if the injury is extraordinary and exceptional, such as no man could foresee or provide against, no liability ensues against the other, though such injury would not have happened but for the negligence of the other.

3. ———: ———: ———: An employee was driving a team hitched to a wagon when one of the tugs, which had been previously broken and insecurely repaired, became detached. The driver dismounted and, while attempting to repair the tug, placed his foot in front of the wheel of the wagon, when the team became frightened, drew the wheel over his foot and caused an injury for which he sued his employer. *Held,* the defective tug was not the proximate cause of his injury; such an injury could not have been anticipated from the breaking of the tug.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

REVERSED.

*Wm. Wehrenbrecht* for appellant.

(1) Defendant's instruction in the nature of a demurrer, offered at the close of plaintiff's case, should have been given. There was no evidence to show that plaintiff was injured by reason of a defect in the harness. This was the only issue in the case. Dunn v. Railroad, 21 Mo. App. 188; Karle v. Railroad, 55 Mo. 476. (2) The negligence of the defendant was too remote. Stan-

ley v. Railroad, 114 Mo. 606.   (3)   The furnishing of defective harness was not the direct and proximate cause of the injury.   The injury was not the natural and probable result of the negligence complained of.   21 Am. and Eng. Ency. of Law, 485; Klockenbrink v. Railroad, 81 Mo. App. 351; White v. Railroad, 84 Mo. App. 411; Thompson v. Railroad, 140 Mo. 125; Smith v. Hardesty, 31 Mo. 411; Hicks v. Railroad, 46 Mo. App. 304; Brown v. Railroad, 20 Mo. App. 222; Henry v. Railroad, 76 Mo. 288.

*Hickman P. Rodgers* and *Forest P. Tralles* for respondent.

Defendant was unquestionably negligent in this, that he failed to furnish plaintiff with a proper set of harness.   It is the duty of a master to furnish his employee reasonably safe appliances with which to work, and his failure to perform that duty constitutes negligence.   Parsons v. Railway, 94 Mo. 286; Nichols v. Crystal Plate Glass Co., 126 Mo. 55; Minnier v. Railroad, 167 Mo. 99.

BLAND, P. J.—Plaintiff, a boy of seventeen years of age, was hired by defendant to drive his two-mule wagon.   The outside tug of the harness on the near mule had been broken and wired together, unknown to plaintiff.   Plaintiff was driving on the streets of St. Louis, hauling mud.   On his route with his second load, the wire holding the broken tug gave way and the plaintiff alighted from the wagon to repair it.   The wheels of the wagon were in a street railroad track and while plaintiff had his foot against the rail of the track and in front of the fore wheel of the wagon, pulling at the wire to bring the ends of the tug together, the mules of their own accord, started up and drew the front wheel over plaintiff's toes, causing the loss of two of them.   The suit is to recover damages for the loss of the two toes.

The sole negligence pleaded and relied on was the furnishing of the defective harness by defendant to plaintiff. If the defect in the harness was not the proximate cause of the injury, defendant's peremptory instruction offered at the close of the evidence should have been given.

Anderson's Law Dictionary defines proximate cause as "the nearest, the immediate, the direct cause; the efficient cause; the cause that sets another or other causes in operation."

A more comprehensive definition is given in Railroad v. Kelly, 91 Tenn. 1. c. 704, where, quoting from Deming & Co. v. Merchants' Cotton-press, 6 Pickel 353, it is said: "The proximate cause of an injury may, in general, be stated to be that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another, which, had it not happened, the injury would not have been inflicted, notwithstanding the latter."

In Dickson v. Railroad, 124 Mo. 1. c. 149, 27 S. W. 476; Hudson v. Railway, 101 Mo. 13, 14 S. W. 15; Glick v. Railway, 57 Mo. App. 97; Saxton v. Railway, 98 Mo. App. 494, 72 S. W. 717; Ohl v. Bethlehem Township, 199 Pa. St. 588; Insurance Co. v. Boon, 95 U. S. 1. c. 130; Denver & R. G. R. Co. v. Sipes, 55 Pac. 1093; Liming v. Railway, 81 Iowa 246; Butcher v. Railroad, 37 W. Va. 180;- and Western Railway of Alabama v. Mutch, 21 L. R. A. (Ala.) 316, it was ruled: "The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred." In other cases, proximate cause has been defined to be "that cause which immediately precedes and directly produces an effect as distinguished from a remote or predisposing cause," as in Troy v. Railroad, 99 N. C. 1. c. 306; Isbell v. Railroad, 27 Conn. 1. c. 406.

In Lindvall v. Woods, 44 Fed. 1. c. 857, it is said:

"The proximate cause of an injury is that cause which immediately precedes and directly produces the injury, without which the injury would not have occurred."

In Yoders v. Amwell Township, 172 Pa. St. l. c. 454, quoting from Hoag v. Railroad, 85 Pa. 293, it is said: "The injury must be the natural and probable consequence of the negligence—such a consequence, as under the surrounding circumstances of the case might and ought to have been foreseen by the wrongdoer."

In Banks v. Railway, 40 Mo. App. 458, in determining what is the proximate cause of an injury, the true rule is declared to be as follows: "The injury must be the natural and probable consequence of the negligence, such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act." This case is approvingly cited in Bradford v. Railway, 64 Mo. App. 475.

In Rigby v. Hewett, 5 Exch. 243, it is said: "Every person who does a wrong is at least responsible for all the mischievous consequences that may be reasonably expected to result under ordinary circumstances from such misconduct."

In Graney v. Railway, 157 Mo. l. c. 683, 57 S. W. 276, Judge SHERWOOD said: "No man is required to anticipate an accident that has never occurred before, or held negligent if he fails to do so." [See also Milwaukee & St. Paul R. R. Co. v. Kellogg, 94 U. S. 469; Ill. Central R. R. Co. v. Woolley, 77 Miss. 927; Hensen v. St. Paul Gaslight Co., 82 Minn. 84; American Express Co. v. Risley, 179 Ill. 295; Williams v. Railroad, 9 Pac. (Cal.) l. c. 155.]

In Shearman & Redfield on Negligence (4 Ed.), sec. 26, "The proximate cause of an event," it is said, "must be understood to be that which, on a natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred."

Wharton says: "The injury must proceed in ordinary natural sequence from the neglect." [Wharton on Negligence, sec. 97.] The same author, at section 3, proposes the following definition: "Negligence, in its civil relations, is such an inadvertent imperfection, by a responsible human agent, in the discharge of a legal duty, as immediately produces, in an ordinary and natural sequence, a damage to another. The inadvertency, or want of due consideration of duty, is the *injuria*, on which, when naturally followed by the *damnum*, the suit is based."

In Hoepper v. Southern Hotel Co., 142 Mo. l. c. 389, 44 S. W. 257, the following language of Channell, B., in Smith v. Railroad, L. R. 6 C. P. 20, is approvingly quoted, to-wit:

"I quite agree that where there is no direct evidence of negligence, the question what a reasonable man might foresee is of importance in considering the question whether there is evidence of negligence for the jury or not; but when it has been determined that there is evidence of negligence, the person guilty of it is equally liable for its consequences, whether he could have foreseen them or not."

In the Hoepper case, the jury were instructed that "defendant cannot be chargeable in this action unless the injury is of such a character in the manner of its occurrence as might have reasonably been foreseen or expected as the natural result by defendant of its (the machine) so running roughly and jerking." The instruction was held erroneous, and the court said: "But if the injury follows as a direct consequence of the negligent act or omission, it cannot be said that the actor is not responsible therefor because the particular injury could not have been anticipated. A neglect to anticipate and guard against that which no reasonable man would expect to occur may not be negligence."

We quote the following from Hysell v. Swift & Co., 78 Mo. App. l. c. 48:

"In M'fg. Co. v. McCormick, 118 Pa. St. 519, a servant was engaged in painting the inside of a tank twelve feet deep. He had a lamp and a can of paint. An explosion occurred which injured him. It is supposed the explosion was occasioned by the quantity of benzine in the paint evaporating and filling the tank with explosive gas. The court said that, 'the accident happening under such circumstances was outside the range of ordinary experience, and one, therefore, against which the measure of care due from the employer could not protect the servant,' unless the employer is to be considered an insurer. See also as bearing on the question O'Malley v. Railway, 113 Mo. 319, 20 S. W. 1079."

While Hysell, an employee of Swift & Company, was working in their packing house, bacteria germinated from animal matter and floating in the atmosphere entered his eye, destroying the sight. It was held that defendant was not liable, the circumstances of the injury being extraordinary and exceptional.

The following quotations were approvingly adopted by BURGESS, J., in Brewing Co. v. Talbot, 141 Mo. 1. c. 684, 42 S. W. 679:

" 'A reasonable man does not consult his imagination, but can be guided only by a reasonable estimate of probabilities. The reasonable man, then, to whose ideal behavior we are to look as the standard of duty, will neither neglect what his reason and experience will enable him to forecast as probable, nor conduct on a basis of bare chances, a business whose success is dependent upon his accuracy in forecasting the future. He will order his precaution by the measure of what appears likely in the usual course of things.' [Ray's Negligence of Imposed Duties, 133.] Webb's Pollock on Torts, 45, says that, 'a reasonable man can be guided only by a reasonable estimate of probabilities. If men went about to guard themselves against every risk to themselves or others which might by ingenious conjec-

ture be conceived as possible, human affairs could not be carried on at all.' "

There is an apparent conflict in the judicial definitions of probable cause; what they mean, we think, is about this: if the injury, whatever it may be, directly and naturally flows from the negligence complained of, the defendant is liable, though the particular injury would not ordinarily be expected to result from such negligence. On the other hand, if the injury is extraordinary and exceptional, such as no man could foresee or provide against, the defendant will not be liable, though the injury would not have happened but for his negligence. If this is a correct interpretation of the language of the cases defining probable cause, then they are harmonious and are useful as guides in applying the doctrine to the facts in every case. If we apply them to the facts of the case in hand, it is plain that the defective tug was not the proximate cause, nor could the injury have been anticipated from the breaking of the tug. That the tug might break, and if it should, that the driver would alight and go in front of the wagon to repair the breach, might have been foreseen by the exercise of ordinary care. But that the driver would place his foot in front of the wheel of the wagon and that the mules would, at the same time, voluntarily start the wagon forward and pull the wheel over the plaintiff's foot, could not have been foreseen or anticipated by the most careful and sagacious of men. It seems to us, also, that the movements of the mules by which the wheel was drawn over plaintiff's toes was wholly disconnected with and independent of the breaking of the tug, and for this reason plaintiff cannot recover. The judgment is reversed. All concur.