CATHERINE E. BOYCE, Respondent, v. THE CHICAGO & ALTON RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 18, and October 1, 1906.

1. **RAILROADS: Brakeman's Duty: Street Crossing: Cut Train: Evidence.** Evidence relating to and describing a man at a street crossing where the train was cut for the passage of traffic and his conversation with the plaintiff is held sufficient to send the question of his being a brakeman and his action, to the jury, since a brakeman has authority to direct travelers in passing over a street crossing where the train is cut.

2. **NEGLIGENCE: Proximate Cause: Injury: Consequence.** The general rule is that there must be a direct connection between the negligent act and the injury complained of, and the latter must be the natural and probable consequence of the former. The proximate cause is not necessarily the immediate cause, but the culpable act in the chain of causation nearest the injury; and if the injury is the natural and probable consequence of the negligent act it is sufficient, though the particular manner and nature of the injury may not be anticipated.

3. ———: ———: ———: ———: **Instruction.** Defendant's train was cut at a crossing. Plaintiff, passing along the sidewalk just as the train started to move, to escape injury, jumped into the street, and striking a stone with her foot, was injured. *Held,* it was sufficient if injury was a natural and probable consequence of the negligent starting of the train, and the rule does not require the company to anticipate her jumping or striking the stone; and an instruction relating thereto is condemned.

4. ———: **Perilous Situation: Contributory Negligence: Instruction: Jury.** Where a woman, making a street crossing where the train is cut, upon the sudden starting of the same, notwithstanding the warning of her companion, pushed ahead rather than retreated, as requested, the question of her action and contributory negligence in her situation is for the jury, and an instruction relating thereto is condemned as singling out particular facts and excluding others from the consideration of the jury.

5. **PERSONAL INJURY: Damages: Loss of Time: Evidence.** The jury should not be instructed to return damages for the loss of time without evidence of the value of such time, and this rule is not impaired by the ruling in Perrigo v. St. Louis, 185 Mo. 274.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

REVERSED AND REMANDED.

*Richard Field* and *Scarritt, Griffith & Jones* for appellant.

(1)   The court erred in giving plaintiff's instruction number one, first because the jury are not therein required to find that any negligence of defendant was the proximate cause of her injury, and in the second place, because it was not shown by the evidence that any negligence of defendant was the proximate cause of plaintiff's injury.   Gilliland v. Railway, 19 Mo. App. 411, 418; Hayley v. Transit Co., 179 Mo. 30; Foley v. MacMahon, 90 S. W. 113.   (2)   The court erred in admitting testimony of an alleged conversation between plaintiff and some person at the crossing whom she took to be a brakeman or other employee of defendant company; and also erred in instructing the jury in plaintiff's instruction number one that she (plaintiff) had a right to rely upon what this person told her; and also erred in refusing to admit the testimony offered by defendant as to the authority and scope of employment of a brakeman.   Farber v. Railroad, 116 Mo. 81; Krueger v. Railway, 84 Mo. App. 358; Cousins v. Railroad, 66 Mo. 572; Snider v. Railroad, 108 Mo. App. 234.   (2) Lost time is not pleaded and there is not a particle of evidence to support this instruction.   Under the same state of the evidence this same instruction has been repeatedly condemned and held to be reversible error. Memmerberg v. Railway, 62 Mo. App. 568; Slaughter v. Railroad, 116 Mo. 269; Stoetzele v. Sweringen, 96 Mo. App. 592.   (3)   Under the testimony we submit that the court committed manifest error in refusing to give defendant's instruction on contributory negligence.   Indeed, we confidently submit that upon the whole record

the court should declare as a matter of law that plaintiff was guilty of negligence. Cathcart v. Railway, 19 Mo. App. 113; Summerville v. Railroad, 29 Mo. App. 48.

*N. M. Houx* and *Wm. H. Chiles* for respondent.

(1)  It was not error to refuse appellant's instruction cited in point 1.  The inference to be drawn from that instruction is that appellant had the right to start its train while respondent was crossing the track which, with the cars only from six to eighteen inches distant from her and the walk where she was passing, is preposterous.  (2)  The latest decisions of this court and of the St. Louis Court of Appeals are clearly in accord on this point.  The proximate cause is not necessarily the immediate cause but the culpable act in the chain of causation is that which authorizes the recovery. Parker v. Transit Co., 108 Mo. App. 465; Henseler v. Stix, 113 Mo. App. 162; Smith v. Tel. Co., 113 Mo. App. 429; Smith v. Railroad, 68 Mo. App. 1. c. 100.  Respondent's instructions 1 and 2 presented to the jury fairly the approved law of the case on that issue.  Kleber v. Railroad, 107 Mo. 249; Dickson v. Railroad, 124 Mo. 140.  (3)  It was not error to admit the evidence of the conversation between respondent and the brakeman who was watching the crossing and acting in the capacity of flagman; it was a part of the *res gestae,* and a conversation with an employee of the appellant acting for it and having charge, as far as the public could see, of the movements of the train which caused the accident.  Burgess v. Railroad, 112 Mo. 246; Montgomery v. Railroad, 181 Mo. 507; Canfield v. Railroad, 59 Mo. App. 354; Cook v. Electrical Supply Co., 72 Mo. App. 506; Harrison v. Railroad, 50 Mo. App. 332; Ephland v. Railroad, 137 Mo. 1. c. 194; Whitehead v. Railroad, 99 Mo. 263; Meade v. Railroad, 68 Mo. App. 93; Wood on Master and Servant, section 307.  (4)  It was not error to instruct the

jury, in connection with other matters which they might consider in assessing the damages of respondent, that they might consider "loss of time." Loe v. Railroad, 57 Mo. App. 350; Mellor v. Railroad, 105 Mo. 1. c. 462; Blackwell v. Hill, 76 Mo. App. 55; Murray v. Railroad, 101 Mo. 236, point 2; Perrigo v. St. Louis, 185 Mo. 289; Railroad v. Barron, 5 Wall. 90; R. S. 1899, sections 659 and 865. (5) There is not a particle of evidence going to show that the respondent was guilty of contributory negligence. Kleber v. Railroad, 107 Mo. 249; Dickson v. Railroad, 124 Mo. 140.

BROADDUS, P. J.—This is a suit for damages for negligence. The facts of the case are as follows. On the evening of October 16, 1903, the plaintiff, in company with her daughter-in-law, Mrs. Dorothy Boyce, started to go to the opera house in the town of Odessa. They took the usual route on the south side of Mason street, which crosses the defendant's track at its station. When they got to defendant's tracks, they stopped and waited for a passenger train to go by. They also saw a freight train standing on the passing track, which was cut in two to allow the passing of traffic on the street, which crossed the track parallel with the sidewalk, and to enable foot passengers to continue their journey. At this opening of the train they saw a man dressed in overalls with a railroad lantern in his hand, who appeared to be connected with the train, who told them they "could cross if they wanted to." Whereupon plaintiff started to cross the tracks, at which time the train began to move, which alarmed her, and in order to prevent being crushed between the cars when they came together she got off the sidewalk onto the streetway, trod upon a stone, fell to the ground, but got up in time to get out of the way of the moving cars. She did not discover that she was injured until she got to the opera house, when she says she felt a pain in her ankle, which

according to the evidence turned out to be a severe
sprain. Plaintiff, her companion, and another witness
testified that they did not hear any warning given of
the starting of the train, but the train operators testi-
fied that the usual warning in such cases was given.
When plaintiff started to cross the track, her companion
cried out to her to come back but she did not heed the
warning. The rear brakeman testified that he was at
or near the place in question, that he did not say any-
thing to plaintiff about crossing the tracks, and that he
gave the signal for starting. Defendant insists that
there was no evidence that the man plaintiff took to be
a brakeman, was such.

We think there was sufficient evidence that it was
defendant's brakeman who told plaintiff that she might
pass between the two parts of the train. Such matters
are sometimes difficult to prove to a certainty, and reli-
ance must necessarily be placed upon the appearance
and acts of the person charged with the duty of a brake-
man. Ordinarily, the only person found on such occas-
ions at such places, where the person whom plaintiff
took to be a brakeman was found, is a brakeman with
a lantern if it is dark, dressed in overalls and apparently
connected with the movements of the train. And it is
the duty of a brakeman on such occasion to exercise rea-
sonable care to prevent injuring persons who may be in
the act of passing over the tracks of his company.
[Montgomery v. Railroad, 181 Mo. 477.] It is the brake-
man that cuts a train in two at a crossing, and it is the
brakeman that gives the signal to close the train again.
He is at the place of separation of the train or nearby
and necessarily has his attention called to the surround-
ings and, if he sees a person about to enter into danger,
it is his duty to warn him of its approach. If he says
to a traveler that he may safely pass, the traveler may
rely on what he says, for he is apparently authorized to
speak for the company operating the train. In law, he

has such authority. Otherwise, the master would be liable because he did not have some one present who did have such authority. Great diligence is required of those operating trains over the streets of cities and towns. [Burger v. Railroad, 112 Mo. 238.] The argument and authorities presented by the defendant to the effect that it was not shown that the brakeman was acting within the scope of his authority at the time mentioned, have no application for the reason already given; or, in other words, the very nature of his employment implies authority.

The next question presented by defendant is that the injury plaintiff received was not the proximate result of the negligent act charged. That is to say, plaintiff was not injured by being struck by the cars, but was injured by stepping upon a stone in her effort to escape danger. It is a general rule that there must be a direct connection between the negligent act and the injury. [Gilliland v. Railroad, 19 Mo. App. 411; Brink v. Railroad, 17 Mo. App. 177.] And it has been held "that the injury must be the natural and probable consequence of the negligence, such a consequence, as under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from the act." [Banks v. Railway, 40 Mo. App. 458; Foley v. McMahon, 90 S. W. 113, 114 Mo. App. 442.] "The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have happened. Proximity in point of time or space, however, is no part of the definition. That is of no importance, except as it may afford evidence for or against proximity of causation." [Dickson v. Railway, 124 Mo. 140.] "The negligence which is the proximate cause of the injury authorizing a recovery, is not necessarily the immediate cause, but the culpable act in the chain of causation nearest

the injury." [Hensler v. Stix, 113 Mo. App. 162.] The doctrine of the latter case was applied in Parker v. Transit Co., 108 Mo. App. 465: "Where a passenger in alighting from a street car, by the sudden and negligent starting of the car before she had time to alight, was thrown under the feet of a mule hitched to a wagon, when the animal became unmanageable and drew the wagon wheels over her," it was held that the negligence of the street railway company was the proximate cause of the injury and not the act of the frightened mule in drawing the wheels of the wagon over the body of the plaintiff after she had been thrown to the ground.

Strictly speaking, the plaintiff's injuries were not the immediate result of defendant's act of negligence, but it was the producing cause. The injury was the result of her attempt to escape impending danger. There was no independent agency between the act of negligence and the injury. If A negligently sets B's house on fire and B in attempting to escape is injured in jumping from a window and alighting on a stone, under the defendant's theory, A would not be liable for his negligence because B's injuries were not the result of his having been burned, but the result of his attempt to escape from being burned. Plaintiff was not injured by being crushed between the cars as they came together, but in endeavoring to escape from such a danger; *ergo*, defendant is not liable as her injuries were not the proximate result of its negligence. The defendant has misinterpreted what the courts mean by the term "proximate cause."

And defendant also misconstrues the language of the courts, where it is said that the injury must be "the natural and probable consequence" of the act of negligence. The meaning is, tracing the effect to the cause, was it probable and natural? As applicable to this case, it is not to say that it was natural or probable that plain-

tiff in endeavoring to escape from danger would step off the sidewalk onto a stone, but that, if she did, the natural and probable result would be that her ankle would be sprained and that she would fall.

The defendant presented the question we have just been discussing in the following instruction which the court properly refused: "The court instructs the jury that if you believe from the evidence in this case that defendant's employees in charge of the train at the time in question, did not anticipate and could not by exercising ordinary care, have anticipated that if they started the train while plaintiff was crossing the railroad track, she would run off the track and in doing so would step upon a rolling stone and be injured thereby, then your verdict should be for defendant." That is to say, if defendant by the exercise of ordinary care could not have anticipated what particular manner plaintiff would pursue to escape and in what way she would be injured in so doing, defendant would not be liable. That would require such foresight as human beings at this day do not possess and exercise. The law of the case is, did defendant's agents have reasonable grounds for anticipating that plaintiff would be injured under the circumstances without reference to the manner in which it would occur?

The defendant asked an instruction, which was refused, to the effect that if the woman, who was with plaintiff and saw that the train was about to move and warned her not to proceed, and that thereafter she persisted in attempting to cross the track ahead of the moving train, the finding should be for defendant. The vice of the instruction is that it singles out particular facts, to the exclusion of other facts, upon which the jury are authorized to find a verdict. This left out of consideration the fact that plaintiff had already started to make the passage and, such being the case, it was a question

for the jury to say whether it was safest for her to proceed or turn back. We all know from experience that in case of danger it is sometimes a question whether it is safer to proceed or to retreat. And the law will not place a strict construction upon the acts of a person in such a situation because of want of time for deliberation, and because the imminence of peril is calculated to confuse the judgment. It was a question for the jury to say whether she acted in a reasonable and prudent manner under the circumstances.

The plaintiff's instruction for damages contained the following: "If the jury find from the evidence for the plaintiff, then in assessing her damages the jury will allow her a reasonable compensation for loss of time, if any, the jury may believe from the evidence she has sustained up to the present time in consequence of such injuries." As there was no evidence of the value of plaintiff's loss of time, defendant insists that the instruction was erroneous. Under the most recent decisions of our courts, it is error to instruct the jury in estimating plaintiff's damages to take into consideration loss of time without evidence of its value. [Mammerberg v. Railway, 62 Mo. App. 563; Stoetzele v. Swearingen, 90 Mo. App. 588, and numerous other cases.] But plaintiff contends that the instruction was not erroneous under the late ruling in Perrigo v. St. Louis, 185 Mo. 274. In that case the instruction only went to the diminished ability of the plaintiff to labor, which was the impairment of a faculty and "an injury to a personal right wholly apart from any pecuniary benefit that might be derived from the exercise of the power." Plaintiff insists that although the instruction may have been erroneous, yet the verdict of the jury shows that it did not take into consideration plaintiff's loss of time in estimating her damages. But there is nothing whereby we can infer

that such was the case. For the error noted the cause is reversed and remanded. All concur.