No. 2617

Second Circuit

——

LASYONE v. ZENORIA LUMBER COMPANY, INC.

——

(June 30, 1926, Opinion and Decree)

——

(*Syllabus by the Court.*)

1. **Louisiana Digest—Negligence—Par. 15, 17.**

To warrant judgment for damages for an accident, the acts complained of must constitute the proximate cause of the accident.

Appeal from the Eighth Judicial District Court of Louisiana, Parish of Lasalle, Hon. F. E. Jones. Judge.

Action by Oscar Lasyone and wife against Zenoria Lumber Company, Inc. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

A. D. Flowers, of Jena; Peterman, Dear and Peterman, of Alexandria, attorneys for plaintiffs, appellees.

Stubbs and Thompson, of Monroe, attorneys for defendant, appellant.

REYNOLDS, J.   Oscar Lasyone and wife sue the Zenoria Lumber Co., Inc., to recover $15,117.50, damages alleged to have been sustained by them because of the death of their daughter, Sybil, aged seventeen months.

They allege that they and their daughter resided in a dwelling that Oscar Lasyone had rented from Zenoria Lumber Co., Inc., and that while the child was playing in one of the rooms of her house she accidentally lost her balance and fell against a nail that protruded two or three inches from one of the walls and that the nail pierced her skull and entered her brain and caused her death; that they were without knowledge of the presence of the nail in the wall; that it was the duty of defendant "to know whether the said dwelling and premises were safe for the purpose for which it was rented, or for which its use was authorized; and that

said defendant is answerable in damages to those who, being lawfully therein, are injured by reason of the defects thereof, whether from original construction or failure to make proper repairs."

The defendant filed an exception of no right or cause of action.  The judge *a quo* sustained the exception and dismissed plaintiffs' suit and they have appealed.

## OPINION

Defendant insists that plaintiffs' petition does not set forth a cause of action for the reason that the presence of the nail protruding from the wall was not the proximate cause of the injury to and death of plaintiffs' child and it cites in support of this contention many cases, the following among others:

Bianchi vs. DelValle, 117 La. 587.

Thompson on Negligence, vol. 1, secs. 44, 45, 47, 50.

94 U. S. 469.

84 Fed. 950.

84 N. W. 727.

90 S. W. 113.

These authorities support defendant's contention that plaintiffs' petition discloses no right or cause of action.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.