# McWilliams *v.* Altemus, Appellant.

*Contract—Agreement to incorporate a business—Breach—Measure of damages.*

1. In an action to assess damages for breach of a contract which promised, as one of the considerations, common stock of a company to be organized, but which was not, the measure of damages is the intrinsic or real value of the common stock as of the date it should have issued, and as though issued.

2. Such value may be shown by evidence of the net worth of the assets or by evidence of the net profit.

3. The law does not require absolute accuracy in arriving at such value, but a reasonable degree of certainty grounded on a definite basis will suffice.

4. In such case, admissions of the owner of the business to be incorporated, the defendant, who breached the contract, are admissible to show details of gross business and net profits covering a number of years prior to the agreement.

5. Where the agreement provided that the preferred stock should represent all factory equipment, machinery, patterns, tools, inventory of goods and personal effects, excluding patent rights, this does not mean that the value of the common stock should be limited to the value of the patent rights alone; the earnings as well as net assets can be used to show the value of the common stock.

6. Where the owner had stated, in letters admitted in evidence, the value of the patent rights, evidence of the plaintiff, corroborative of such value, cannot be objected to because plaintiff was not qualified to express an opinion as an expert on the subject.

Argued December 3, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 273, Jan. T., 1926, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1925, No. 17300, on verdict for plaintiff, in case of James B. McWilliams v. Jacob K. Altemus. Affirmed.

Assumpsit for breach of contract. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $12,500. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Samuel L. Borton,* for appellant.—Losses or profits must be established by substantial and competent testimony, and juries are not to be allowed to speculate as to the same; they must be proven clearly and by competent testimony: Kountz v. Kirkpatrick, 72 Pa. 381; Wilson v. Wernwag, 217 Pa. 82; Cornelius v. Lytle, 246 Pa. 205.

*Joseph J. Brown,* with him *Henry P. Brown,* for appellee.

OPINION BY MR. JUSTICE KEPHART, January 10, 1927:

This was an action to recover damages for breach of contract. Briefly, it was agreed a company should be organized to take over defendant's business and assets. Preferred stock was to be issued to him for the value of his property. Plaintiff was to receive the common stock, and to assume the active management of the company. Defendant declined to proceed with the contract. No company was organized, and consequently no com-

mon or preferred stock was issued. This action was then brought.

The only question at issue in the court below was the measure of damages plaintiff was entitled to receive to compensate him for defendant's failure to perform the obligations of the contract. The stock not being in existence, had no market value. Plaintiff was not to be deprived of the value of his contract merely because the property he was to receive did not possess a market value. Where stock has been issued which has no market value, the intrinsic or real worth is the measure of damages: Duroth Mfg. Co. v. Cauffiel, 243 Pa. 24, 30. In an action to assess damages for breach of contract which promised, as one of the considerations, common stock of a company to be organized, but which was not, the measure of damages is the intrinsic or real value as of the date it should have been issued, and as though issued. This may be shown by evidence of the net worth of the assets or by evidence of the net profit: Crichfield v. Julia, 147 Fed. 65, 71, 73, 74; Huse & Loomis Ice Co. v. Heinze, 102 Mo. 245, 14 S. W. 756; Duroth Mfg. Co. v. Cauffiel, supra, and cases there cited. The law does not require absolute accuracy in arriving at such value, but a reasonable degree of certainty grounded on a definite basis will suffice: Cornelius v. Lytle, 246 Pa. 205, 209; Wilson v. Wernwag, 217 Pa. 82, 94.

Plaintiff offered in evidence, as admissions of defendant's, the latter statement of gross business and net profits in detail covering a number of years prior to the agreement; the fact that they were admissions did not make them incompetent. See Duroth Mfg. Co. v. Cauffiel, supra, p. 31. A jury could base a finding of value on this evidence.

Defendant asserts that the value of the common stock was represented entirely by certain patent rights involving textile machinery. Proof of this was submitted in the form of a letter from defendant. This correspond-

ence showed the value of the other physical and intangible property which was to be covered by preferred stock. We have, then, the common stock value evidenced through earnings, assets and patent rights.

While the patent rights were part of the general property, adding to the value of what would have been the corporate property, the preferred stock, under the agreement, was to represent all factory equipment, machinery, patterns, tools, inventory of goods, and personal effects; excluding patent rights, there is nothing in the agreement to limit the common stock value to patent rights; hence, the earnings as well as net assets could be used to aid in determining the question before the court.

Defendant objected to plaintiff testifying to the value of the patent because he was not qualified to express an opinion, but we need not discuss this question as the evidence was merely corroborative of what defendant himself had admitted by letter. This correspondence particularly referred to the agreement between the parties. Nor was the rejection of Weissinger's testimony error. The witness did not pretend to have any knowledge of textile business, or of the value that made up the corporate property, or of these patent rights.

All the assignments have been considered; those not particularly dealt with are regarded as immaterial or corrected by the charge of the court in its entirety.

The judgment of the court below is affirmed.