## Schaffer v. Wismer

230

*Alfred L. Taxis, Jr.*, for plaintiff.

*William F. Fox* and *J. Barnard*, for defendants.

FORREST, J., July 2, 1954.—Plaintiff instituted this action in equity to set aside a transfer of 225 shares of stock of Commercial Concrete Company from Arthur J. Wismer, one of the defendants, to Thomas W. Faulkner, Jr., the other defendant. Plaintiff has invoked sections 4 and 7 of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, 39 PS §§354, 357, providing as follows:

Section 4. "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."

Section 7. "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

She has alleged that on August 2, 1946, Wismer borrowed $30,000 from Montgomery Trust Company, now by merger Montgomery Norristown Bank & Trust Company, upon demand note, that in August, 1946, Wismer acquired a 45 percent interest consisting of 225 shares of the Commercial Concrete Company and Faulkner acquired a 55 percent interest, that on November 20, 1953, plaintiff became owner of the aforementioned note by assignment from the Montgomery Norristown Bank and Trust Company, that

on November 21, 1953, plaintiff entered judgment on the note, and issued execution against defendant Wismer and attachment executions against Faulkner and the concrete company, that the sheriff's return indicated that neither defendant nor garnishees possessed any assets which could be levied upon or attached and sold in satisfaction of the judgment.

In paragraphs 12, 14 and 15 of the complaint, plaintiff further alleged that Wismer, knowing that plaintiff had planned to enter judgment on the note, with intent to hinder, delay or defraud plaintiff, and with intent to put his shares of stock in the concrete company beyond the reach of the execution issued by plaintiff, fraudulently transferred such shares of stock to Faulkner in 1953, that Faulkner was a close friend and business associate of Wismer, that Wismer knew that the consideration of $11,250 for the transfer was not a fair consideration and that the shares transferred were worth an amount considerably in excess of the consideration actually paid, that Faulkner with full knowledge of Wismer's intention to hinder, delay or defraud plaintiff, purchased Wismer's shares of stock "in circumstances clearly disclosing that (Faulkner) is not a bona fide purchaser thereof".

At the outset it is noted that a complaint sets forth a cause of action under section 4 of the act if it alleges: (1) A conveyance, (2) that the conveyance was without a *fair consideration*, (3) that it rendered the grantor *insolvent*. Under section 7 of the act, to set forth a cause of action, the sole requirement is that there be an averment that a conveyance was made with *actual intent to hinder, delay or defraud* present or future creditors. The conveyance has been alleged.

Defendants have filed preliminary objections to the aforementioned paragraphs 12, 14 and 15 of the complaint, all of which raise questions as to whether the complaint is sufficiently specific. In particular,

the objections are that plaintiff has failed to allege: (1) The facts leading to the conclusion that Wismer intended to hinder, delay or defraud plaintiff and intended to put his assets beyond the reach of executions; (2) the facts proving that Wismer knew that plaintiff planned to enter judgment on the note and issue execution thereon; (3) the date when Wismer knew of plaintiff's intention to proceed on the note; (4) the facts proposed to be proven to show that $11,250 was not a fair consideration; (5) the facts proposed to be proven to show that Wismer knew that the shares were worth considerably more than the consideration actually paid; (6) what would have been a fair consideration, and how determined; (7) the facts proposed to be proven to show that Faulkner had full knowledge of Wismer's intent to hinder, delay or defraud plaintiff, and (8) the facts and occurrences constituting the "circumstances clearly disclosing that" Faulkner was "not a bona fide purchaser."

Instead of considering these objections individually and seriatim we shall view them topically. We will refer to the objections by our numbers 1 to 8 as we have paraphrased them above.

Numbers 1, 2, 5 and 7 object that Wismer's knowledge and intent and Faulkner's knowledge regarding a number of matters as stated in the complaint are conclusions and that the complaint is defective because it fails to allege facts upon which the conclusions are predicated. It might be possible to develop an argument that all knowledge and intent are conclusions, albeit, Pa. R. C. P. 1019(b) clearly and concisely states that: "Malice, *intent, knowledge,* and other conditions of mind may be averred generally."

"As a matter of sheer necessity, Rule 1019(b) permits conditions of the mind, such as malice, intent or knowledge to be pleaded generally. There is really no choice, since there is no other way to plead such matter.

Any effort to particularize will necessarily lead into the pleading of detailed evidence to support the averment of malice, intent or knowledge": Goodrich-Amram Civil Practice, §1019(b)-2.

This rule applies to actions in equity: Pa. R. C. P. 1501.

It should be pointed out that "intent" is utterly immaterial under section 4 of the act and therefore would not have to be alleged at all if the proceeding were on that section alone. However, *"intent* to hinder, delay, or defraud" is an element of section 7 of the act. Such intent was specifically averred in the complaint and defendants are not entitled to more.

As indicated by our no. 3, another objection is that plaintiff has not alleged the specific date on which Wismer acquired knowledge as to the intention of plaintiff to proceed on the note. The exact date is immaterial, it being alleged that it existed prior to the conveyance, which is sufficient.

As indicated by our nos. 4 and 6, defendant objects that plaintiff has not alleged the facts proposed to be proved to show that $11,250 was not a fair consideration and what would have been a fair consideration, and how determined. Plaintiff admittedly has alleged that the consideration was not a "fair" one, and this is a material and necessary allegation under section 4 of the act, although not under section 7 of the act. In her pleading, however, she need not aver exactly what would have been fair and adequate consideration. Under section 3 of the act, 39 PS §353, it is provided that:

*"Fair consideration* is given for property or obligation:

"(a) When, in exchange for such property or obligation, as a fair equivalent therefor and in good faith, property is conveyed or an antecedent debt is satisfied; or

"(b) When such property or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property or obligation obtained."

Since "fair consideration" has been thus specifically defined by the act, defendants are able without assistance from plaintiff's pleading, to apply the statutory definition to the facts and determine whether fair consideration was given or not. Certainly all of the facts necessary to determine whether fair consideration was given are peculiarly within defendants' knowledge actually or the availability thereof exists. The value of the shares may be shown by expert evidence and where the shares are closely held and have no market value, the value may be shown by producing evidence of the elements making up the value: McWilliams v. Altemus, 288 Pa. 277, 279 (1927); Jarvis v. Bell, 296 Pa. 568, 575 (1929); Casciano v. Brennan, 16 Lehigh 210, 215 (1935).

The last objection of defendant, being his 3(b), has been paraphrased in our no. 8, viz., plaintiff has failed to allege the facts and occurrences constituting the "circumstances clearly disclosing that" Faulkner was "not a bona fide purchaser". Under the Uniform Fraudulent Conveyance Act, the complaint must not only set forth sufficient facts to bring the case within the statute in question: Sheffit v. Koff, 175 Pa. Superior Ct. 37, 39 (1953), but also should state the particulars on which the allegation of *fraud* is based: Shinn et al. v. Stemler, 163 Pa. Superior Ct. 363 (1948). A general averment that the "circumstances clearly disclose" that defendant is not a bona fide purchaser does not measure up to the test.

And now, July 2, 1954, preliminary objection 3(b) is sustained. The other preliminary objections are overruled. Plaintiff is allowed 20 days from the date hereof to file an amended complaint.